SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
JILL M. PIETRINI (CA Bar No. 138335)
        jpietrini@sheppardmullin.com
1901 Avenue of the Stars, 16th Floor
Los Angeles, California  90067
Telephone:      (310) 228-3700
Facsimile:      (310) 228-3701

SHANNON S. KING (CA Bar No. 233386)
        sking@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:      (415) 434-9100
Facsimile:      (415) 434-3947

Attorneys for Plaintiff
GERAWAN FARMING, INC.


SLATER HERSEY & LIEBERMAN LLP
JONATHAN P. HERSEY (CA Bar No. 189240)
        jhersey@slaterhersey.com
SCOTT B. LIEBERMAN (CA Bar No. 208764)
        slieberman@slaterhersey.com
18301 Von Karman Ave., Suite 1060
Irvine, California  92612
Telephone:      (949) 398-7500
Facsimile:      (949) 398-7501

Attorneys for Defendant
REHRIG PACIFIC COMPANY


## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| Gerawan Farming, Inc., | Case No. 11-cv-01273-LJO-BAM |
| Plaintiff, | |
| v. | **STIPULATED NON-TRIAL CIVIL PROTECTIVE ORDER** |
| Rehrig Pacific Company, and Does 1-10, inclusive, | |
| Defendants. | |

Plaintiff Gerawan Farming, Inc. and defendant Rehrig Pacific Company (collectively, the "Parties"), by and through their undersigned counsel of record, hereby stipulate and move the Court to enter this Stipulated Non-Trial Civil Protective Order ("Protective Order") pursuant to Federal Rule of Civil Procedure (FRCP) 26(c) and E.D. Cal. Local Rule 141.1.

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action involves the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the Parties hereby stipulate to and petition the court to enter the following Protective Order.  The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The Parties further acknowledge, as set forth in Section 11 below, that E.D. Cal. L.R. 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.  Pursuant to their obligation under L.R. 141.1(c)(3), the parties submit that their need for protection should be addressed by court order, as opposed to a private agreement between or among the parties, as the Court order will provide a uniform and efficient manner for the production of confidential business information by all existing parties, added parties, and third parties during the course of this action.

2.    **DEFINITIONS**

2.1    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their respective support staff).

2.2    <u>Non-Party</u>:  an entity or individual other than a Party, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their respective support staff).

2.3    <u>Counsel</u>:  any attorney employed or retained who represents a Party or Non-Party in this action.  This definition shall apply to all in-house attorneys and all attorneys of a law firm

-2-

who receive Confidential or Highly Confidential information as defined herein, regardless of whether any individual attorney has entered an appearance in the case.  However, this definition shall not be interpreted to bind any attorney who does not in fact receive Confidential or Highly Confidential information to the terms of this Protective Order.

2.4    Disclosure or Discovery Material:  all materials, information, documents, and things produced, disclosed, or generated, whether formally or informally, or submitted to the Court in this action, including without limitation testimony at depositions upon oral examination or upon written questions, transcripts of depositions, answers to interrogatories, documents or things produced, information obtained from inspection of premises or things, answers to requests for admission, and any other discovery or disclosure made in this action.

2.5    "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things including, *inter alia*, any document or thing that the Designating Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and any other information that would qualify as Confidential pursuant to FRCP 26(c) or any other applicable legal standard.  Pursuant to L.R. 141.1(c)(2), protection is needed for this information because the unrestricted availability of this information to the general public could seriously compromise the business interests of the Designating Party.

2.6    "Highly Confidential — Attorneys' Eyes Only" Information or Items:  extremely sensitive "Confidential Information or Items" whose disclosure to another Party or Non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means. Highly Confidential — Attorneys' Eyes Only information includes material or information that constitutes or contains:  (1) technical information such as product design and manufacturing techniques or processing information; (2) information within the definition of trade secret; (3) formulae or source code; (4) research and development information; (5) customer lists; (6) sales, cost, pricing, or other financial information; (7) patent license agreements or information that was generated in connection with, or reveals the content of, patent licensing negotiations; (8) plans for

-3-

strategic business initiatives or marketing plans; (9) manufacturing or distribution agreements; or (10) any other information that contains the Designating Party's trade secrets or other confidential research, development, or commercial or financial information of an extremely sensitive nature that may cause significant competitive harm to the Designating Party if disclosed to persons other than those described in Section 7 below.  Pursuant to L.R. 141.1(c)(2), protection is needed for this information because the unrestricted availability of this information to the general public and the Parties themselves could seriously compromise the business interests of the Designating Party. The Parties maintain the designated information in confidence because it is confidential financial information of privately held companies and/or is competitive business information.

2.7    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.9    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.10    Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

2.11    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant especially for purposes of this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    **SCOPE**

The protections conferred by this Protective Order cover not only Protected Material, but also any confidential or highly confidential information copied, derived, or extracted therefrom, as

-4-

well as all copies, excerpts, summaries, abstracts, or compilations thereof, plus deposition testimony and out of court conversations or presentations by any Party or Counsel that reveal Protected Material.  This Protective Order shall be binding on the Parties, and their successors, assigns, and employees.

4.   **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   **DESIGNATING PROTECTED MATERIAL**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  In good faith, any Party or Non-Party that produces material or information in this litigation may designate it as either "Confidential" or "Highly Confidential — Attorneys' Eyes Only" by labeling or marking that material or information in the manner described below in Section 5.2.  The Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Notwithstanding the above provision, the parties specifically agree that all information contained in non-public databases, including but not limited to current customer databases, may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in its entirety under this Protective Order in order to facilitate document production while properly protecting the sensitive, proprietary information of the parties.  If the Receiving Party believes that Protected Material produced pursuant to this section should be de-designated, it must specifically identify to the Designating Party those page(s) or item(s) that it believes should be de-designated.  Thereafter, the parties agree to negotiate in good faith, under the guidelines set forth in Section 6.2, below, in an attempt to resolve the issue.  If the parties are unable to reach a resolution, the Receiving Party may seek the assistance of the Court under Section 6.3.

If it comes to a Party's or a Non-Party's attention that Disclosures or Discovery Material that it designated for protection do not qualify for protection at all, or do not qualify for the level

of protection initially asserted, that Party or Non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Protective Order (see, e.g., Section 5.2(b)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  However, if material is produced inadvertently without a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation, the Producing Party may designate such material by reproducing it with a "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation or by alerting the Receiving Party of the designation to be given to such material pursuant to Section 6.3.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential," "Highly Confidential — Attorneys' Eyes Only," or some other similar designation on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential — Attorneys' Eyes Only"), unless to do so would be impractical

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection will be treated as "Highly Confidential — Attorneys' Eyes Only."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential — Attorneys' Eyes Only") on each page that contains Protected Material.  If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential — Attorneys' Eyes Only").

(b)     for testimony given in deposition in this civil action, that any Party or Non-Party invoke the provisions of this Protective Order and designate the appropriate level of confidentiality ("Confidential" or "Highly Confidential — Attorneys' Eyes Only") in a timely manner.  Any Party or Non-Party may designate the testimony as a whole or identify specific portions of the testimony during the deposition as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."  If a Party or Non-Party that sponsors, offers, or gives testimony does not identify portions of the testimony that qualify as "Confidential or "Highly Confidential – Attorneys' Eyes Only" or incorrectly identifies portions of the testimony as "Confidential or "Highly Confidential – Attorneys' Eyes Only" during the deposition, it may, within 15 days of receiving a transcript of the deposition, designate or change the confidentiality designation of the transcript or portions thereof. to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 15 days shall be covered by the provisions of this Stipulated Protective Order.  During the deposition, parties shall be excluded from testimony designated "Highly Confidential — Attorneys' Eyes Only," and deposition testimony witnessed by an opposing party may not be later designated "Highly Confidential — Attorneys' Eyes Only."

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential," "Highly Confidential — Attorneys' Eyes Only," or some other similar designation.  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential," "Highly Confidential — Attorneys' Eyes Only," or some other similar designation.

(d)     The treatment of documents marked "Confidential" or "Highly Confidential –
Attorneys' Eyes Only" in pre-trial proceedings or at trial, or pre-trial or trial testimony that may
disclose "Confidential" or "Highly Confidential" information, will be determined at a later date
pursuant to the Court's pre-trial order and/or applicable federal rules of procedure.

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to
designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys'
Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection
under this Order for such material.  If material is appropriately designated as "Confidential" or
"Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the
Receiving Party, on timely notification of the designation, must make reasonable efforts to assure
that the material is treated in accordance with the provisions of this Order.

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's
confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
economic burdens, or a later significant disruption or delay of the litigation, a Party does not
waive its right to challenge a confidentiality designation by electing not to mount a challenge
promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating
Party's confidentiality designation must do so in good faith and must begin the process by
conferring directly with Counsel for the Designating Party.  In conferring, the challenging Party
must explain the basis for its belief that the confidentiality designation was not proper and must
give the Designating Party an opportunity to review the designated material, to reconsider the
circumstances, and, if no change in designation is offered, to explain the basis for the chosen
designation.  A challenging Party may proceed to the next stage of the challenge process only if it
has engaged in this meet and confer process first.

6.3     <u>Resolution by Court or Special Master</u>.  A Party that elects to press a challenge to a
confidentiality designation after considering the justification offered by the Designating Party may
file and serve a motion that identifies the challenged material and sets forth in detail the basis for

the challenge.  Such motion may be heard by a special master, if the parties so agree.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "Confidential" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)     the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees of the Receiving Party who have signed the "Consent To Be Bound By Stipulated Protective Order—Confidential Material", attached as Exhibit "A" to the Parties' Stipulated Protective Order (Doc. 40).  If such a person leaves the employ of a party during this litigation, access under this provision shall devolve upon the bona fide successor to that person's position of employment, subject to execution of the "Consent To Be Bound By Stipulated Protective Order—Confidential Material (Exhibit A); notwithstanding

this succession, all persons who have access to material protected under this protective order shall be bound by its terms, even after leaving the employ of a party.

(c)    Independent Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Consent To Be Bound By Stipulated Protective Order—Confidential Material" (Exhibit A) and as to whom the procedures set forth in Section 7.4 below have been followed;

(d)    the Court and its personnel; and

(e)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Consent To Be Bound By Stipulated Protective Order—Confidential Material" (Exhibit A)  or are the authors or recipients of the Confidential Material. [Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order]; and

(g)    the author of the document, the original source of the information, and others who had access to the document or the information at the time it was created or made available, as determined from the face of the document in question, reference information in other documents, or the testimony of other witnesses.

7.3    Disclosure of "Highly Confidential — Attorneys' Eyes Only" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential — Attorneys' Eyes Only"' only to:

(a)    the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Independent Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Consent To Be Bound By Stipulated Protective Order—Highly Confidential Material", attached as Exhibit "B" to the Parties'

-10-

Stipulated Protective Order (Doc. 40), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

(c)     the Court and its personnel;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who authored and/or previously received (prior to this litigation) the information in question or who have signed the "Consent To Be Bound By Stipulated Protective Order—Highly Confidential Material" (Exhibit B)  [Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order]; and

(f)     the author of the document or the original source of the information and others who had access to the document or the information at the time it was created or made available, as determined from the face of the document in question, reference information in other documents, or the testimony of other witnesses.

Notwithstanding the foregoing, Counsel of the Receiving Party will be permitted to rely upon such information in advising its clients so long as such information is not disclosed.  In addition, nothing in this Protective Order shall be deemed to restrict or condition in any manner the use by any Party of documents authored by the Party or its employee(s), or documents received from the opposing Party before this litigation began, except for documents designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the Producing Party.

7.4     <u>Procedures for Approving Disclosure to Experts</u>.

(a)     Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "Confidential" or "Highly Confidential — Attorneys' Eyes Only" first must make a submission to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's past (within the previous five years) and current

employers and consultant relationships, and (4) attaches a copy of Exhibit B executed by the Expert.

(b)     A Party that makes the above submission may disclose the subject Protected Material to the identified Expert unless, within seven (7) court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is reasonably based, and any objections to disclosures to Experts shall be in good faith.

(c)     A Party that receives a timely written objection to a disclosure to an Expert must meet and confer with the Designating Party to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.       **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential — Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing promptly and no more than seven (7) court days after receiving the subpoena or order or before the date scheduled for compliance with the subpoena or order, whichever is earlier.  Such notification must include a copy of the subpoena or court order.  The

-12-

Designating Party shall bear the burden and the expenses of obtaining an order from the Court quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents.  If such a motion is filed before the requested production date, the Receiving Party shall not produce the subject information or documents requested in the subpoena, discovery request, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order.  If an order quashing the subpoena or motion for protective order is obtained, the Receiving Party shall comply with the order.  If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, discovery request, or order, or if the motion to quash the subpoena or motion for protective order is denied, the Receiving Party may comply with the same without being deemed to have violated this Protective Order.

9.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Consent To Be Bound By Stipulated Protective Order—Confidential Material" that is attached hereto as Exhibit A, or the "Consent To Be Bound By Stipulated Protective Order—Highly Confidential Material" that is attached hereto as Exhibit B.

10.    **INADVERTENT DISCLOSURE OF PROTECTED MATERIAL**

Nothing in this Protective Order shall require production of information which the Parties or any Non-Party contend is protected from disclosure by the attorney-client privilege or the work product immunity.  If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information.  If a Party has inadvertently produced to the other Party

-13-

information subject to claim of immunity or privilege, the other Party upon request shall promptly return the information for which a claim of inadvertent production is made.  The Party returning such information may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

11.   **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with L.R. 141.

12.   **PRESENTATION AT TRIAL**

A Party seeking to protect "Confidential" or "Highly Confidential — Attorney's Eyes Only" information at trial will be permitted to seek such protection from the Court.  Nothing in this Protective Order shall be construed as an admission by the Receiving Party that such protection is necessary at trial.

13.   **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material, except those materials containing attorney-client privileged communications or attorney work product.  The Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the ninety (90) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this

provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

14.     **MISCELLANEOUS**

14.1     <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3     <u>Acknowledgement</u>.  The parties acknowledge that the Court may change the terms of this Protective Order upon its own motion, after notice to the parties and an opportunity to be heard.

STIPULATED and AGREED to this 30th day of November, 2012.

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP       SLATER HERSEY & LIEBERMAN LLP

By: <u>/s/ Shannon S. King</u>                         By: <u>/s/ Scott B. Lieberman</u>
     Shannon S. King                                  Scott B. Lieberman
     Four Embarcadero Center, 17th Floor              18301 Von Karman Avenue, Suite 1060
     San Francisco, CA 94111-4109                     Irvine, CA  92612
     sking@sheppardmullin.com                         slieberman@slaterhersey.com

     Attorneys for Plaintiff                          Attorneys for Defendant
     Gerawan Farming, Inc.                            Rehrig Pacific Company

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

   Based on the Stipulation of the Parties (Doc. 40), the Court enters the above Stipulated Protective Order.

IT IS SO ORDERED.

Dated: December 19, 2012       /s/ Barbara A. McAuliffe

                 UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28