UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GERAWAN FARMING, INC., | ) | CASE NO. 1: 11-cv-01273-LJO-BAM |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL** |
| | ) | |
| v. | ) | |
| | ) | |
| REHRIG PACIFIC COMPANY, | ) | |
| Defendant. | ) | |

### I.   INTRODUCTION

Currently before the Court is the Motion of Rehig Pacific Company ("Rehig") to compel further responses from Gerawan Farming, Inc. ("Gerawan") to Rehig's First Set of Interrogatories and First Request for Production of Documents and Things. (Doc. 42.) The parties each filed separate "joint" discovery statements on January 25, 2013.[1] (Doc. 45, 46.)

---

[1] Both parties have submitted declarations assigning blame to the other party for their inability to comply with Local Rule 251. (Doc. 45, Attach. 1; Doc. 45, Attach. 1.) The parties are admonished for their failure to follow the rules of this Court, and cautioned that any future disregard for the Court's local rules will result in the imposition of sanctions.

1

The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for February 1, 2013.  Having considered the joint statements of the parties, as well as the Court's file, Rehig's Motion to Compel further responses is GRANTED.

## II.   BACKGROUND

**A.   Factual Background**

Gerawan is in the business of producing and distributing fresh produce.  In the summer of 1994, Gerawan and Rehrig, a manufacturer of plastic-molded containers for industrial use, reached an agreement to patent, manufacture, and sell the "Harvest Tote," a container for holding stone fruits such as peaches during harvesting (the "Harvest Tote Agreement").  During the parties' collaboration on the Harvest Tote in 1993, Rehrig unilaterally filed a patent application for U.S. Patent No. 5,415,293, entitled "Grape Lug" (the "293 Patent").  The 293 Patent, while conceptually similar to the Harvest Tote, relates to a container used for harvesting, storing, and transporting grapes.  Gerawan claims Rehig's 293 Patent includes one or more claims to which Gerawan made an innovative contribution.  However, Gerawan was not listed as a joint inventor and did not receive any royalties from the Grape Lug.

Both parties operated under the Harvest Tote Agreement, and Rehrig paid Gerawan for sales of the Harvest Tote from 1995 through 2002, with the last royalty check being made to Gerawan in February 2003.  Sometime in 2001-2002, Rehig began manufacturing and selling a "Second Generation Harvest Tote," without Gerawan, which was allegedly derived from the design of the original Harvest Tote.  The parties dispute whether Gerawan was intended to be involved in the Second Generation Harvest Tote.

**B.   Procedural Background**

Gerawan initiated this action on July 29, 2011. (Doc. 1.)  Gerawan asserted eight causes of action: (1) correction of inventorship under 35 U.S.C. § 256; (2) conversion; (3) unfair competition in violation of California Business and Professional Code Section 17200 *et seq.*; (4)

2

unjust enrichment; (5) concealment; (6) false promise; (7) unfair competition in violation of 15 U.S.C. § 1125(a); and (8) accounting. (Doc. 1.)

On December 9, 2011, Rehrig filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11.) On March 2, 2012, the Court dismissed all of Gerawan's claims,[2] except for Gerawan's first cause of action for correction of inventorship under 35 U.S.C. § 256.[3] (Doc. 25.)

Gerawan filed an amended complaint on March 23, 2012. (Doc. 26.) Gerawan's first claim seeks correction of inventorship of the '293 Patent to include Ray Gerawan, the founder of Gerawan. Rehrig disputes that Gerawan or Ray Gerawan contributed anything to the invention of the '293 Patent. Gerawan's second claim is for false promise, alleging that Rehrig promised Gerawan in 1993 that: (1) the parties would co-own any patents resulting from the Harvest Tote; (2) Rehrig would not use any proprietary materials provided by Gerawan for any purpose other than making the Harvest Tote for Gerawan, and (3) Rehrig supposedly used that proprietary information to make the second generation harvest tote. Rehrig disputes any such promise was made. Gerawan's third claim is for a violation of California Business and Professions Code § 17200 *et seq.*, which is a cause of action for unfair business practices. This claim is derivative of the other two, and is based on the same facts.[4]

**C.    Rehig's Motion to Compel**

Rehrig served its Interrogatories and Requests for Production on October 31, 2012. Gerawan asked for an extension of time to respond, which Rehrig granted. On December 14, 2012, Gerawan served their written objections and responses. No documents were produced with Gerawan's objections and responses. The responses said Gerawan would produce documents, but

---

[2] The Court granted Gerawan leave to amend for the dismissed claims, except for Plaintiff's cause of action for unfair competition under 15 U.S.C. § 1125(a), which was dismissed without leave to amend. (Doc. 25.)

[3] Gerawan's correction of inventorship claim applies to the 293 Patent.

[4] Gerawan states it will amend its complaint to add a claim of false marking pursuant to 35 U.S.C. §292 for Rehrig's "patent pending" markings of the Harvest Tote and/or Second Generation Harvest Tote.

3

did not specify when. Rehig also alleges that despite Gerawan's claim that some of the documents were privileged, no privilege log was produced. Rehig also argues Gerawan's interrogatory responses contained improper objections and were otherwise evasive.

Gerawan generally responds that they have produced responsive documents to Rehig's requests, that production continues as documents are discovered, and that Gerawan agreed to provide supplemental responses and productions to Rehig. Gerawan also represents that they have provided Rehig a privilege log.

### III.   DISCUSSION

**A.   Further Responses to Interrogatories**

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Federal Rule of Civil Procedure 33 requires that a party objecting to an interrogatory "shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." All grounds for objection must be "stated with specificity" or the objection is waived. FED. R. CIV. PROC. 33(b)(4). An "evasive or incomplete . . . answer, or response is to be treated as a failure to . . . answer, or respond." FED. R. CIV. P. 33(b)(1), 37(a)(3).

Rehig seeks to compel further responses to six (6) interrogatories.[5] (Doc. 45.) For each of these interrogatories, Gerawan states it informed Rehig a supplemental response would be served in the last week of January.[6] (Doc. 46.) As a caveat, however, Gerawan states those supplemental responses would not include attorney-client privileged communications or work product.[7]

Based on Gerawan's representations that it would provide supplemental responses, and without ruling on the merits of Gerawan's objections or the sufficiency of Gerawan's responses, the

---

[5] The subject interrogatories are Rehig's First Set of Interrogatories No. 2, 3, 15, 19, 20 and 22.

[6] Gerawan represented they would serve a supplemental response to all of Rehig's interrogatories "next week," which, based on the date Gerawan's discovery brief was filed, would be the last week of January.

[7] *See,* Gerawan's Responses to First Set of Interrogatories No. 15, 19 and 20.

4

Court GRANTS Rehig's Motion to compel supplemental responses to Interrogatories No. 2, 3, 15, 19, 20 and 22. Gerawan shall provide supplemental responses no later than February 4, 2013. To the extent responsive information implicates attorney-client communications or work product, Gerawan will provide, if they have not already, a supplemented privilege log in a manner compliant with Fed. R. Civ. P. 26(b)(5) no later than February 4, 2013.

**B.   Requests for Production of Documents**

A party may serve on another party requests to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. FED. R. CIV. P. 34(a)(1)(A). Federal Rule of Civil Procedure 34 requires that a party responding to a request for production must either state that inspection of documents and related activities will be permitted as requested, or state an objection, including the specifics of the objection and how that objection relates to the documents being demanded. FED. R. CIV. P. 34(a), (b)(2)(B). Generic, boilerplate objections to discovery are not sufficient. *See Marti v. Baires,* 2012 U.S. Dist. LEXIS 77962 (E.D. Cal. June 5, 2012) (reliance on boilerplate objections is an abuse of the discovery process); *see A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (general or boilerplate objections such as "overly burdensome and harassing" are improper); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable). Rather, a party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome.

The failure to respond to interrogatories or a request for inspection or production of documents "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for protective order under Rule 26(c))." FED. R. CIV. P. 37(d). Moreover, a requesting party is entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same

5

documents. FED. R. CIV. P. 34(a).

Rehig seeks to compel further responses to three (3) requests for production.[8] (Doc. 45.) The Court addresses each in turn.

**Request No. 5:**

All documents and communications relating to assignment of inventions and patents to Gerawan, including assignments between Ray Gerawan and Gerawan.

**Response to Request No. 5:**

Gerawan objects to this request on the grounds that it is vague and ambiguous. Gerawan objects to this request on the grounds that it is overbroad and unduly burdensome. Gerawan objects to this request to the extent it seeks information protected the attorney-client privilege or attorney work product doctrine. Gerawan objects to this request to the extent it seeks confidential information of Gerawan or third parties, which will only be provided subject to the parties' protective order. Gerawan objects to this request to the extent it seeks irrelevant information or is unlikely to lead to the discovery of admissible evidence.

Rehig argues the information sought by this Request is necessary because the only plaintiff in this case is Gerawan Farming, Inc. Ray Gerawan, individually, is not a plaintiff. Thus, for Gerawan Farming, Inc., to have standing to sue, Gerawan must show a valid assignment of inventorship rights to the '293 Patent from Ray Gerawan.

Gerawan responds that the request is "overly broad and encompassed all assignments between Gerawan and any party, whether or not related to this litigation in any manner." Nonetheless, "Gerawan agreed to produce the responsive document."

All documents relating to assignment of inventorship rights from Ray Gerawan to Gerawan Farming, Inc., is relevant to the claims of the parties and Gerawan's burden to demonstrate standing. Moreover, Gerawan has agreed to provide this document. Accordingly,

---

[8] The subject Requests for Production are Rehig's First Set of Requests for Production No. 5, 14 and 28. (Doc. 45.)

the Court GRANTS Rehig's Motion to compel further response to Request for Production No. 5 in part.  However, the Court agrees with Gerawan that Request No. 5 is impermissibly over-broad in that it requests information concerning *all assignments* to Gerawan, rather than just those assignments relevant to Gerawan's claims.  Accordingly, the Court DENIES Rehig's Motion to Compel further response to Request for Production No. 5 to the extent it seeks documents other than those relating to assignment of inventorship rights to the '293 Patent or the Harvest Tote.

**Request No. 14:**

All documents that refer or relate to the '293 patent.

**Response to Request No. 14:**

Gerawan objects to this request on the grounds that it is vague and ambiguous. Gerawan objects to this request on the grounds that it is overbroad and unduly burdensome. Gerawan objects to this request to the extent it seeks information protected the attorney-client privilege or attorney work product doctrine. Gerawan objects to this request to the extent it seeks confidential information of Gerawan or third parties, which will only be provided subject to the parties' protective order. Gerawan objects to this request to the extent it seeks irrelevant information or is unlikely to lead to the discovery of admissible evidence. Subject to the foregoing objections and to the extent Gerawan understands the request, Gerawan responds: Gerawan has already produced responsive documents.

Rehig argues that Gerawan has not represented it has produced *all* responsive non-privileged documents in its possession, custody or control, rather than a selective sampling. Gerawan responds they have already produced responsive, nonprivileged documents relating to the '293 Patent.  Gerawan further represents their search for responsive nonprivileged documents is complete.

Rehig is entitled to know whether Gerawan has produced *all* documents responsive to Rehig's Request for Production No. 14.  Accordingly, the Court GRANTS Rehig's Motion to

7

1  Compel further response to Request for Production No. 14.  If *all* responsive documents have
2  already been produced, Gerawan shall supplement their response to say so.  To the extent
3  responsive information implicates attorney-client communications or work product, Gerawan
4  will provide, if they have not already, a supplemented privilege log in a manner compliant with
5  Fed. R. Civ. P. 26(b)(5) no later than February 4, 2013.

      **Request No. 28:**

All documents that relate to Gerawan's profits and/or loss statements regarding the Harvest Tote.

      **Response to Request No. 28:**

Gerawan objects to this request on the grounds that it is overbroad and unduly burdensome and seeks confidential documents. Gerawan objects to this request to the extent it seeks information protected the attorney-client privilege or attorney work product doctrine. Gerawan objects to this request to the extent it seeks confidential information of Gerawan or third parties, which will only be provided subject to the parties' protective order. Gerawan objects to this request to the extent it seeks irrelevant information or is unlikely to lead to the discovery of admissible evidence.

      Rehig argues these documents are highly relevant to the amount of Gerawan's alleged damages resulting from Rehig's sales of the Second Generation Harvest Tote.  Gerawan states they have informed Rehrig they would be serving a supplemental response to this Request next week stating that no such documents exist.

      The Court GRANTS Rehig's Motion to Compel further response to Request for Production No. 28.  If no responsive documents exist, Gerawan shall supplement their response to say so.

**C.**     **Sanctions**

      Both parties have requested monetary sanctions in relation to this Motion.  Rule 37(d)(1)(A)(ii) provides that the Court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers,

objections, or written responses." A district court has broad discretion in deciding whether to impose sanctions pursuant to Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425–26 (9th Cir.1985).

A review of the documents submitted indicates that neither party should be awarded sanctions. Rehig filed this Motion even though Gerawan offered to supplement its responses at approximately the same time this matter would be heard.[9] Additionally, both parties have scheduled hearings on two additional discovery motions one week after the instant motion was scheduled to be heard. The subsequent motions are scheduled to be heard after Gerawan's supplemental production. The parties should be mindful to avoid unnecessary expenditure of Court resources. For instance, the parties could have consolidated all their discovery issues into one hearing, after Gerawan offered its supplemental responses.[10] Accordingly, the Court denies both parties' request for monetary sanctions.

## CONCLUSION

Based on the foregoing, the Court GRANTS IN PART, and DENIES IN PART, Rehig's Motion to Compel. It is HEREBY ORDERED that:

1. Rehig's Motion to compel supplemental responses to Interrogatories No. 2, 3, 15, 19, 20 and 22 is GRANTED. Gerawan shall provide supplemental responses no later than February 4, 2013. To the extent responsive information implicates attorney-client communications or work product, Gerawan will provide, if they have not already, a supplemental privilege log in a manner compliant with Fed. R. Civ. P. 26(b)(5);

---

[9] The Court appreciates that the discovery cut-off is February 8, 2013, and there was little time to resolve this dispute. However, a scheduling order was entered on May 1, 2012, and both parties have had over nine months to conduct discovery. Rehig waited until a week before the discovery cut-off to bring this matter to the Court's attention. Considering Gerawan volunteered to supplement its responses, Rehig's need to bring this Motion is questionable.

[10] A review of the documents submitted by the parties shows Gerawan attempted to consolidate the three discovery motions into one hearing to avoid placing an unnecessary burden on the parties and the Court. Rehig refused.

2. Rehig's Motion to compel supplemental responses and production to Request for Production No. 5 is GRANTED in part and DENIED in part. No later than February 4, 2013, Gerawan shall produce all documents related to the assignment of inventorship rights for the '293 Patent or the Harvest Tote from Ray Gerawan to Gerawan Farming, Inc. In all other respects, the Motion to compel further response to Request No. 5 is DENIED;

3. Rehig's Motion to Compel further response to Request for Production No. 14 is GRANTED. Gerawan shall provide supplemental responses no later than February 4, 2013. If *all* responsive documents have already been produced, Gerawan shall supplement their response to say so. To the extent responsive information implicates attorney-client communications or work product, Gerawan will provide, if they have not already, a supplemented privilege log in a manner compliant with Fed. R. Civ. P. 26(b)(5);

4. Rehig's Motion to Compel further response to Request for Production No. 28 is GRANTED. Gerawan shall provide supplemental responses no later than February 4, 2013. If no responsive documents exist, Gerawan shall supplement their response to say so.

**IT IS SO ORDERED.**

Dated:   **January 30, 2013**              /s/ **Barbara A. McAuliffe**
                                           **UNITED STATES MAGISTRATE JUDGE**