IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., | Case No. 1:11-cv-01273 LJO BAM |
| Plaintiff, | ORDER ON PLAINTIFF'S REQUEST TO SEAL CERTAIN DOCUMENTS |
| vs. | (Doc. 79) |
| REHRIG PACIFIC COMPANY, | |
| Defendant. | |

Plaintiff Gerawan Farming, Inc. ("Plaintiff") has filed a request to seal certain documents filed in connection with its opposition to Defendant Rehrig Pacific Company's ("Defendant's") motion for summary judgment. The Court has reviewed Plaintiff's request, and for the following reasons DENIES Plaintiff's request without prejudice to Plaintiff filing a renewed request that includes more detail and is more narrowly tailored.

"[C]ourts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 & n.7 (1978)). Therefore, a party seeking to seal documents in connection with its briefing on a motion for summary judgment must show that compelling reasons outweigh the general history of access and public policies favoring disclosure. See Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). Relevant factors in this regard include, for example, whether disclosure could result in improper use, such as for

"scandalous or libelous purposes or infringement upon trade secrets." Id. at 679 n.6. (internal quotation marks and citation omitted). In granting or denying a parties' request to seal, the court must "articulate its reasoning" and cannot rely on "hypothesis or conjecture." Id. at 679.

Here, Plaintiff does not provide a legally sufficient basis for sealing certain documents. There is no indication that the documents could be used for improper purposes or that disclosure would reveal trade secrets. All that Plaintiff states is that the documents, which are approximately 80 pages in length, were designated *by Plaintiff* as "Highly Confidential – Attorney's Eyes Only" pursuant to the parties' stipulated protective order. This, however, does not constitute a compelling reason warranting sealing. See, e.g., Instrumentation Lab. Co. v. Binder, Case No. 11cv965 DMS (RBB), 2012 U.S. Dist. LEXIS 92316 (S.D. Cal. July 2, 2012) (denying motion to seal documents in connection with cross-motions for summary judgment where the defendants' request to seal simply stated that the materials were subject to the parties' stipulated protective order).

Accordingly, Plaintiff's request to seal is DENIED without prejudice. Plaintiff may renew its request to seal by no later than **noon on Wednesday, February 6, 2013**, if Plaintiff can articulate, in detail, compelling reasons for sealing. In addition, any redactions to the documents must be narrowly tailored.[1] If Plaintiff does not renew its request to seal, the Court expects Plaintiff to file un-redacted copies of the documents by **noon on Wednesday, February 6, 2013**.

IT IS SO ORDERED.

**Dated:     March 1, 2013                /s/  Lawrence J. O'Neill**
                                                               UNITED STATES DISTRICT JUDGE

---

[1] If only a small, discrete section of the 80 pages needs to be redacted, it may be more practical to simply isolate that portion of the document into a separate exhibit so that the Court need not seal the entire 80 pages.