UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., <br><br> Plaintiff, <br><br> v. <br><br> REHRIG PACIFIC COMPANY, <br><br> Defendant. | CASE NO. 1: 11-cv-01273-LJO-BAM <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT** |

## I.  INTRODUCTION

Currently before the Court is the motion of Gerawan Farming, Inc. ("Gerawan") to amend its First Amended Complaint ("Gerawan's Motion"). (Doc. 60.) Rehrig Pacific Company ("Rehrig") filed its opposition on February 25, 2013. (Doc. 74.) Gerawan filed its reply brief on February 27, 2013. (Doc. 75.) The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for March 8, 2013. (Doc. 72.) Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, as well as the Court's file, Gerawan's Motion is DENIED.

/././

1

## II. BACKGROUND

**A.  Factual Background**

Gerawan is in the business of producing and distributing fresh produce.  In the summer of 1994, Gerawan and Rehrig, a manufacturer of plastic-molded containers for industrial use, reached an agreement to patent, manufacture, and sell the "Original Harvest Tote," a container for holding stone fruits such as peaches during harvesting.  During the Parties' collaboration on the Harvest Tote in 1993, Rehrig unilaterally filed a patent application for U.S. Patent No. 5,415,293, entitled the "Grape Lug" (the "293 Patent").  The 293 Patent, while conceptually similar to the Harvest Tote, relates to a container used for harvesting, storing, and transporting grapes.  Gerawan claims Rehig's 293 Patent includes one or more claims to which Gerawan made an innovative contribution.  However, Gerawan was not listed as a joint inventor and did not receive any royalties from sales of the Grape Lug.

Both parties operated under the Harvest Tote Agreement, and Rehrig paid Gerawan for sales of the Harvest Tote from 1995 through 2002, with the last royalty check being made to Gerawan in February 2003.  Sometime in 2001-2002, Rehig began manufacturing and selling a "Second Generation Harvest Tote," without Gerawan, which was allegedly derived from the design of the original Harvest Tote.  The parties dispute whether Gerawan was intended to be involved in the Second Generation Harvest Tote.

**B.  Procedural Background**

Gerawan initiated this action on July 29, 2011. (Doc. 1.)  Gerawan asserted eight causes of action: (1) correction of inventorship under 35 U.S.C. § 256; (2) conversion; (3) unfair competition in violation of California Business and Professional Code Section 17200 *et seq.*; (4) unjust enrichment; (5) concealment; (6) false promise; (7) unfair competition in violation of 15 U.S.C. § 1125(a); and (8) accounting.  (Doc. 1.)

On December 9, 2011, Rehrig filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 11.)  On March 2, 2012, the Court dismissed all of Gerawan's

claims,[1] except for Gerawan's first cause of action for correction of inventorship under 35 U.S.C. § 256.[2] (Doc. 25.)

Gerawan filed an amended complaint on March 23, 2012. (Doc. 26.) Gerawan's first claim seeks correction of inventorship of the '293 Patent to include Ray Gerawan, the founder of Gerawan. Rehrig disputes that Gerawan or Ray Gerawan contributed anything to the invention of the '293 Patent. Gerawan's second claim is for false promise, alleging that Rehrig promised Gerawan in 1993 that: (1) the parties would co-own any patents resulting from the Harvest Tote; (2) Rehrig would not use any proprietary materials provided by Gerawan for any purpose other than making the Harvest Tote for Gerawan, and (3) Rehrig supposedly used that proprietary information to make the Second Generation Harvest tote. Rehrig disputes any such promise was made. Gerawan's third claim is for a violation of California Business and Professions Code § 17200 *et seq.*, which is a cause of action for unfair business practices. This claim is derivative of the other two, and is based on the same facts.

On April 16, 2012, the Parties participated in an Initial Scheduling Conference. (Doc. 34.) Prior to the Initial Scheduling conference, the Parties submitted an Amended Joint Scheduling Report, where the Parties proposed that all discovery (expert and non-expert) would be completed by January 18, 2013. (Doc. 33, 10: 24-28; 11: 1-2.) The Parties also represented they did not contemplate any further amendments to the pleadings. (Doc. 33, 4: 11-12.) The Court accepted the Parties' joint recommendations, and on May 1, 2012, entered a Scheduling Order requiring *all* discovery (expert and non-expert) be completed by January 18, 2013. (Doc. 37, 2: 21-23.) Also relevant to the instant motion, the Court set a February 15, 2013 deadline to file pretrial motions. *Id.*

On November 21, 2012, the Court held an Informal Telephonic Discovery Conference. (Doc. 38.) Gerawan requested an extension of the expert disclosure deadline, as well as the

---

[1] The Court granted Gerawan leave to amend for the dismissed claims, except for Plaintiff's cause of action for unfair competition under 15 U.S.C. § 1125(a), which was dismissed without leave to amend. (Doc. 25.)

[2] Gerawan's correction of inventorship claim applies to the 293 Patent.

3

expert and non-expert discovery cutoff.[3]  (Doc. 39.)  At this time, the Parties had just begun to propound written discovery – six months after discovery opened.  The Court held that "[Gerawan] ha[d] failed to demonstrate good cause to modify the Scheduling Order . . . .  However, in the interest of permitting meaningful case preparation," the Court continued the expert and non-expert discovery cutoff to February 8, 2013.  (Doc. 39.)  The Court further cautioned that "[n]o further modifications to the Scheduling Order w[ould] be permitted."  *Id.*

On January 18, 2013, both Parties filed motions to compel further discovery, noticing the motions for hearing on the discovery cutoff date (February 8, 2013).  (Doc. 43, 44.)  On February 8, 2013, the Court denied the Parties' motions to compel further discovery for the following reasons: (1) the Parties' motions to compel discovery would require the Court to amend the Scheduling Order, and neither party had filed a motion to amend the Scheduling Order; (2) the Parties' motions were not timely because the Court could not grant any effective relief within the time-frame permitted under the terms of the Scheduling Order; and (3) even if the parties had requested modification of the Scheduling Order, there was no good cause to amend the Scheduling Order.  (Doc. 59.)

On February 8, 2013, Gerawan filed a motion to amend the Scheduling Order.[4]  (Doc. 65.)  On February 11, 2013, the Court vacated the hearing on Gerawan's Motion and requested supplemental briefing.  (Doc. 67.)  Specifically, the Court stated that "the time for broad discovery has long since past.  The Court expects a distilled, narrow focused presentation of what Plaintiff <u>absolutely</u> needs to prove its case."  (Doc. 67) (emphasis in original.)  Gerawan's supplemental briefing requested documentation and deposition testimony that were irrelevant or otherwise unnecessary to prove its claims, and the Court denied the motion is its entirety.  *See generally,* Order Denying Gerawan's Motion to Amend the Scheduling Order, Doc. 73.

/././

---

[3] The parties stipulated to allow the Court to rule on the matter informally and off the record.  (Doc. 39.)

[4] Gerawan filed this motion ex parte, noticing the motion for hearing on February 12, 2013.  (Doc. 65.)

**C.    Gerawan's Motion to Amend Its First Amended Complaint**

On February 8, 2013, Gerawan filed this Motion to amend its First Amended Complaint, proposing the following amendments to its First Amended Complaint: (1) the addition of facts purportedly discovered during discovery in support of its existing claims against Rehrig; (2) the addition of a claim for false marking pursuant to 35 U.S.C. § 292; (3) to "make clear that its operative complaint includes a claim for common law unfair competition as well as unfair competition pursuant to Cal. Bus. & Prof. Code § 17200,"[5] and (4) to correct certain typographical and grammatical errors to clarify the claims at issue.

In support of its Motion, Gerawan argues that key facts have come to its attention during discovery. For example, Gerawan argues it learned Rehrig never filed patent applications for the First or Second Generation Harvest Tote, thus, giving rise to a new claim for false marking under 35 U.S.C. § 292. Gerawan argues that:

> this false marking affirmatively led Gerawan to believe that patent applications had been duly filed for the Harvest Tote, as promised by Defendant. Gerawan had no reason to suspect that Defendant had falsely promised to file patent applications for the Harvest Tote until 2008. Thus, Defendant's false marking relates directly to the existing claims of this case and to Defendant's affirmative defense of laches as to Gerawan's inventorship claim under the patent in suit U.S. Patent No. 5,415,293 (the "'293 Patent").

(Doc. 60, 1: 11-21.) Gerawan concludes that it "wishes to conform the First Amended Complaint to reflect a complete description of Defendant's material misrepresentations to Gerawan." *Id.* at 1: 22-23.

---

[5] Gerawan asserts its "common law claim appears on page 8, line 20 and on page 20, line 10 of the First Amended Complaint and appeared in the original Complaint. Because of the clerical oversight, the words 'and the Common Law' do not appear in the 'heading' entitled 'Third Cause of Action' in the Complaint or the First Amended Complaint, but have in fact been alleged from the beginning in this case." (Doc. 62, 22: 5-12.) Gerawan's First Amended Complaint, however, is only eleven pages long, and the only appearance of the phrase "and the common law" appears on page eight, line twenty, of Gerawan's First Amended Complaint. This Court has concerns as to whether this claim is adequately alleged and otherwise properly before the Court. Moreover, this appears to be a disputed issue on Rehrig's motion for summary judgment, currently before the District Judge. (Doc. 69, 76.) This Court will not usurp the District Judge's authority over whether a common law claim for unfair competition is properly before the Court. Accordingly, the Court denies Gerawan's Motion to the extent it seeks to "make clear that its operative complaint includes a claim for common law unfair competition as well as unfair competition pursuant to Cal. Bus. & Prof. Code § 17200."

Rehrig responds, *inter alia,* that Gerawan unduly delayed in seeking this amendment because Gerawan was aware of the facts giving rise to this potential claim long before discovery commenced. Rehrig also argues amendment would result in amending the Scheduling Order because additional discovery would be required. Lastly, Rehrig argues the proposed amendment is futile, because the new claims are without legal merit.

### III.   DISCUSSION

**A.   Whether Federal Rule of Civil Procedure 15(a) or 16(b) governs Gerawan's Motion**

Generally, Federal Rule of Civil Procedure 15(a) governs motions to amend pleadings. *See* Fed. R. Civ. P. 15(a). An exception to this Rule occurs when a party seeks to amend pleadings after a designated date in a Rule 16 scheduling order. A "party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson v. Mammoth Rec. Inc.,* 975 F.2d 604 (9th Cir. 1992), citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); *see also, Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000).

The Parties dispute which Federal Rule of Civil Procedure provides the proper standard of decision for Gerawan's Motion. Rehrig argues Rule 16(b) governs Gerawan's Motion because it was filed on the last day to conduct discovery and amendment would result in modification of the Scheduling Order. Gerawan responds that Rule 15(a) governs its Motion because there was no deadline to file a motion to amend pleadings, and Gerawan filed its Motion before the February 15, 2013 pretrial motion cutoff.

Rule 15(a) governs Gerawan's Motion. A good cause determination under Rule 16 is required only when a party seeks relief outside a specific date designated in the scheduling order. *See, Johnson v. Mammoth Recreations*, 975 F.2d 604, 610 (9th Cir. 1992) (motion to amend filed after the cutoff date to amend pleadings subject to Rule 16); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271 1294-95 (9th Cir. 2000) ("Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that

6

it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before Jeney, Gentile, and Coleman moved to amend.")

Here, there was no deadline to seek amendment to pleadings. The Scheduling Order required all pretrial motions be filed by February 15, 2013. (Doc. 37, 2: 25-26.) Gerawan filed its Motion on February 8, 2013. (Doc. 62.) While the Court agrees that allowing Gerawan to amend its First Amended Complaint would require additional discovery, thus, resulting in modification of the Scheduling Order, this circumstance does not trigger application of Rule 16(b)'s good cause standard. So long as a motion to amend a pleading is filed within the time proscribed in the Scheduling Order, Rule 16 is not implicated.

This circumstance is distinguishable from the Court's previous order denying the Parties' respective motions to compel further discovery. (Doc. 43, 44, 59.) There, the Parties each filed motions to compel further discovery and noticed the hearings for those motions on the *last* day to complete discovery, February 8, 2013. While the motions to compel were filed timely pursuant to the Scheduling Order, the Court could not grant any relief without modifying the Scheduling Order, which required *all* discovery be completed by February 8, 2013.

Permitting amendment to Gerawan's First Amended Complaint does not, in and of itself, require modification to the Scheduling Order. While the resulting need for additional discovery is a natural consequence of amendment, the need for additional discovery is a separate good cause inquiry. Accordingly, Gerawan's Motion is governed by Fed. R. Civ. P. 15(a).

**B.      Legal Standard Under Fed. R. Civ. P. 15(a)**

Whether to grant or deny a motion to amend pleadings is a matter within the court's discretion. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). The policy favoring amendment, however, is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). The Ninth Circuit has held that "[a]mendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th

Cir. 1991).

Although leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), it "is not to be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir.1990). In evaluating the propriety of a motion for leave to amend, "we consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citation omitted). Futility of an amendment alone can justify the denial of a motion for leave to amend. *Id.* Absent futility, prejudice to the opposing party is the most important factor. *Jackson*, 902 F.2d at 1387 (citation omitted).

### 1. Bad Faith

Bad faith in filing a motion for leave to amend exists when the addition of new legal theories are baseless and presented for the purpose of prolonging the litigation, *see Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999), or when the adverse party offers evidence that shows "wrongful motive" on the part of the moving party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). No such evidence in the record suggests bad faith by Gerawan in bringing its Motion to Amend. Accordingly, the Court views this factor as neutral.

### 2. Undue Delay

Gerawan argues it did not delay in seeking to amend its First Amended Complaint. Gerawan argues "[i]t was appropriate for Gerawan to allow Defendant to confirm [in discovery] that it both (1) stamped the actual Harvest Tote and Second Harvest Tote Products 'Patent Pending,' and (2) never filed for patent protection for the Harvest Tote or Second Generation Harvest Tote." (Doc. 62, 17: 2-11.) Gerawan further suggests that "[b]ecause patent applications were confidential prior to November 2000, Gerawan had no way to find out if Defendant had ever applied for a patent for the Harvest Tote before 2000[,]" and that "Gerawan did not obtain confirmation that Defendant never filed any patent applications for the Harvest Tote until the deposition of William Apps on February 6, 2013." *Id.*

1	Rehrig responds that the facts alleged in the Second Amended Complaint were known
2	prior to the filing of the original complaint.  Rehrig argues Gerawan performed a search for
3	Rehrig's patents before this case was filed.  *See,* Doc. 26, ¶ 19.  Further, Rehrig claims that
4	Gerawan possessed the Original and Second Generation Harvest Totes, bearing the "patent
5	pending" markings.  Accordingly, Rehrig argues Gerawan was aware, or should have been aware,
6	of the facts giving rise to its false marking claim.  Rehrig also argues Gerawan's "newly"
7	discovered facts supporting its existing claims are actually alleged promises Rehrig made to
8	Gerawan.  If true, Rehrig argues, Gerawan would have been aware of any purported promise
9	made by Rehrig to Gerawan before this litigation commenced.

10	Under Ninth Circuit authority, a substantial delay on the part of the moving party, while
11	not dispositive, is nevertheless relevant.  *See Lockheed Martin Corp. v. Network Solutions Inc.*,
12	194 F.3d 980, 986 (9th Cir.1999) (finding a motion to amend filed after several months with no
13	reason given for the delay supported the district court's denial of leave).  Also relevant to the
14	delay inquiry, a district court does not abuse its discretion by denying a motion to amend a
15	pleading when the information was known at the time of the original pleading.  *See, e.g., Chodos*
16	*v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("The district court denied the
17	motion [to amend], finding that those 'new' facts had been available to [plaintiff] even before the
18	first amendment to his complaint. Given this finding, the district court's conclusion that the
19	motion to amend was made after undue delay did not constitute an abuse of its discretion."); *De*
20	*Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 878 (9th Cir. 2000) ("Where the party
21	seeking amendment knows or should know of the facts upon which the proposed amendment is
22	based but fails to include them in the original complaint, the motion to amend may be denied.")
23	(internal quotations omitted); *Jackson*, 902 F.2d at 1388 ("Relevant to evaluating the delay issue
24	is whether the moving party knew or should have known the facts and theories raised by the
25	amendment in the original pleading.") (citations omitted).

26	The Court finds that Gerawan engaged in undue delay in seeking to amend its First
27	Amended Complaint.  Gerawan knew, or should have known, of the facts underlying its false
28	

9

marking claim.  Gerawan's argument that it could not search for patent applications on the Harvest Tote before November of 2000 is unpersuasive.  After November of 2000, patent filings were publically available, and Gerawan could have searched for patent applications for the Harvest Tote.  Indeed, Gerawan admits it searched for the '293 Patent in June of 2011, before filing its original complaint in this case. (Gerawan's FAC, Doc. 26, ¶ 19.)  Gerawan also acknowledges it possessed samples of the Harvest Tote which were labeled "patent pending." (Transcript of the Deposition of George Papangellin ("Papangellin Depo."), 36:6-37:20, attached as Exh. D to the Lieberman Decl., Doc. 74, Attach. 1.)   In short, Gerawan was aware, or should have been aware, the Harvest Tote bore the label "patent pending" since as long as the 1990's, and Gerawan had every opportunity and motive to investigate whether a patent had been filed.  Even if Gerawan did not actually investigate the patent, it was unreasonable for Gerawan to delay "confirming" this suspicion until two days before the discovery cutoff.  Therefore, the proposed amendments/claims should have been known long before the filing of this lawsuit.

Looking to Gerawan's proposed amendments to its existing claims, the Court disagrees with Gerawan's description of these amendments.  Gerawan states it merely seeks to add "key facts in support of its existing claims" (Doc. 60, 2: 6-7), and that these facts "merely clarify the original Complaint and First Amended Complaint, do not expand the subjects for discovery or trial[.]" (Doc. 62, 22: 16-19.)

On the contrary, the scope of Gerawan's proposed amendments add substantially new and different claims. For example, Gerawan's Second Amended Complaint alleges three separate promises, compared to only one promise in the First Amended complaint.  In Gerawan's First Amended Complaint, Gerawan alleges that Rehrig "made a promise to Gerawan that both parties would jointly own any patent claims relating to the subject matter of their joint collaboration related to the Harvest Tote, and that [Rehrig] would only use Gerawan's proprietary materials for the purposes of making the Harvest Tote for Gerawan." (Gerawan's FAC, Doc. 26 ¶ 30.) Gerawan's proposed Second Amended Complaint, however, alleges two separate and distinct promises in addition to the one alleged in the First Amended Complaint.  Gerawan now alleges

that Rehrig also "promised to file patent applications covering the Harvest Tote, to be jointly owned by Gerawan and Defendant." (Doc. 61, ¶ 13.)  Gerawan also alleges, for the first time in the proposed Second Amended Complaint, that Rehrig "would assign all rights to any invention, improvement or modification of the Harvest Tote to Gerawan." (Doc. 61, ¶ 35.)  These amendments significantly expand the scope of issues under Gerawan's second claim for relief.

In addition to expanding the scope of Gerawan's current claims, the amendments sought by Gerawan do not relate to newly discovered facts.  These facts relate to alleged promises made to Gerawan which, if true, Gerawan was aware of prior to the filing of its original complaint.  Gerawan simply asserts it wishes to add "new" facts to its complaint "so there is no question raised by Defendant as to the basis for Gerawan's claims" (Doc. 62, 22: 1-4), but Gerawan's Motion does not identify any facts recently uncovered during discovery.   Beyond this conclusory statement that it wishes to add new facts, Gerawan fails to explain what discovery it obtained that would support granting its Motion to Amend.

Even if Gerawan were not aware of the facts underlying its proposed amendments until February of 2013, this circumstance is attributable to Gerawan's lack of diligence, at a minimum, in discovery.  Gerawan delayed six months before conducting any discovery, in addition to conducting *all* of its depositions within three weeks of the *extended* discovery cutoff.  Thus, it is not surprising that new information with the potential to effect its litigation strategy would materialize at a time when Gerawan was expected to have crystalized its claims.  Gerawan failed to diligently pursue the discovery that apparently necessitated this amendment in the first instance.

Federal Rule of Civil Procedure 15 is not so broad as to reward a party for undue delay in seeking discovery.  In addition, Rule 16(b) is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point the parties, pleadings and issues will be fixed.  In order to meet this end and manage the Court's overburdened docket, the Court relies on the parties to conduct discovery in a timely manner.  The Court does not find Gerawan to have diligently pursued this amendment.

### 3. Prejudice

Gerawan asserts Rehrig would not be prejudiced by amendment because Rehrig's acts of false marking are already relevant to this case. Specifically, Gerawan asserts Rehrig's false marking of "patent pending" on its Harvest Totes is directly relevant to its claims of false promise and unfair competition because "these markings served as affirmative misrepresentations by Defendant that patents had been filed as to the Harvest Tote and assured Gerawan that Defendant was operating under the Harvest Tote Agreement." (Doc. 62, 17: 23-26.) Moreover, Gerawan argues these false markings also address Rehrig's affirmative defense of laches to Gerawan's correction of inventorship claim regarding the '293 Patent. Lastly, Gerawan argues that Rehrig has already conducted discovery on these issues and, even if additional discovery were required, this would not constitute prejudice to Rehrig.

Rehrig raises several instances of potential prejudice resulting from amendment. Rehrig notes that both the discovery and dispositive motion deadlines have passed, and a motion for summary judgment is currently before the Court. Gerawan also argues the amendment would present several new issues for trial, requiring additional discovery into matters such as the resulting injuries and damages from the false markings. This new discovery, Rehrig argues, would require new experts, expert reports and depositions.

"[T]he consideration of prejudice to the opposing party ... carries the greatest weight." *Eminence Capital*, LLC, 316 F.3d at 1052. A need to reopen discovery, a delay in the proceedings, or the addition of complaints or parties are indicators of prejudice. *See, e.g., Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before close of discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings); *Solomon v. N. Am. Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (holding the district court did not abuse its discretion in denying plaintiff's motion to amend on grounds of undue delay and prejudice where the motion was made "on the eve of the discovery deadline ... [and] would have required re-opening discovery, thus delaying the proceedings");

*Lockheed Martin Corp.*, 194 F.3d at 986 ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *Bassani v. Sutton*, No. 10–35482, 2011 WL 1626452, at *1 (9th Cir. 2011) (holding that "the district court's ultimate conclusions—that there would be undue delay and prejudice to the defendants if plaintiff were allowed to amend his complaint two years into litigation and after the close of discovery—were not an abuse of discretion").

The prejudice factor weighs heavily in favor of Rehrig. At this late stage in the proceedings, the addition of a new claim for false marking, as well as the expanded scope of Gerawan's false promise claims, is highly prejudicial to Rehrig. Gerawan's new claims are separate and distinct from Gerawan's currently pled claims and, contrary to Gerawan's suggestion, the proposed amendments do not reflect issues already "at the core of this case."

Gerawan's current claims are summarized as follows: Rehrig promised Gerawan they would jointly own any patents relating to the Original Harvest Tote that were, in fact, filed. *See,* Doc. 26, ¶ 30. Additionally, Rehrig promised it would not use proprietary materials involved in the parties' collaboration on the Original Harvest Tote for any other purpose. *Id.* Gerawan alleges these promises were broken when Rehrig used proprietary materials from the parties' collaboration on the Harvest Tote to file the '293 Patent, and when Rehrig used these same materials to create the Second Generation Harvest Tote. *Id.* at ¶¶ 30, 32.

None of Gerawan's causes of action, damages or remedies sought in the First Amended Complaint relate to the Original Harvest Tote. Allegations referring to the Original Harvest Tote serve as a predicate for Gerawan's claims for damages with respect to the '293 Patent and the Second Generation Harvest Tote. The amendments sought by Gerawan, however, would alter the breadth of Gerawan's claims. Gerawan's proposed amendments call for a new cause of action, two new false promises and corresponding damage theories, all of which directly target the Original Harvest Tote. The proposed amendments sought by Gerawan, if accepted, dramatically alter the scope of issues for trial.

Similarly, false markings on the Original Harvest Tote are not central to Rehig's laches defense for the '293 Patent. Gerawan has not advanced any convincing arguments that falsely marking "patent pending" on the Original Harvest Tote has any bearing on the potential defense created by the truthful marking of "patent pending" on the '293 Patent.

Permitting Gerawan to introduce new claims for false markings, in addition to altering the nature of the False Promise claims, significantly effects the scope of issues in this case. This development would require significant additional discovery, postponement of trial dates and a new scheduling order. This circumstance alone is sufficient to deny amendment. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Furthermore, "an amended complaint is [generally] not permitted after the close of discovery and after a motion for summary judgment has been filed." *Howard v. Klika*, 2004 WL 2966911 (D. Or. Dec. 15, 2004); citing *U.S. v. Pend Oreille Public Utility Dist. No. 1,* 28 F.3d 1544, 1552 (9th Cir. 1994); *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387–1388 (9th Cir. 1990).

### 4. Futility of the Amendment

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *See*, *Miller v. Rykoff–Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988). Gerawan's new allegations and claims would require additional discovery, and will turn on evidence not presently before the Court. Accordingly, the Court cannot conclude that Gerawan's proposed amendment is futile.

### 5. Whether the Party Has Previously Amended Its Complaint

Gerawan has already amended its complaint once as a result of a motion to dismiss. (Doc. 25.) However, this is the first time Gerawan has sought leave to amend its complaint. Accordingly, the Court views this factor as neutral.

In sum, the consideration of the five factors discussed above weigh against granting Gerawan leave to amend. Specifically, the Court finds that Gerawan's undue delay in bringing this motion, the resulting prejudice to Rehrig, as well as the need to conduct additional discovery and the delay in the proceedings, require denial.

**CONCLUSION**

Based on the foregoing, Gerawan's Motion to Amend the First Amended Complaint is DENIED.

IT IS SO ORDERED.

Dated: **March 7, 2013**            /s/ **Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE