IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., | Case No. 1:11-cv-01273 LJO BAM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| vs. | (Doc. 90) |
| REHRIG PACIFIC COMPANY, | |
| Defendant. | |

Currently before the Court is Plaintiff Gerawan Farming, Inc.'s ("Plaintiff's" or "Gerawan's") motion for reconsideration filed on March 7, 2013. Plaintiff requests reconsideration of the assigned Magistrate Judge's order issued on February 21, 2013, which denied Plaintiff's motion to amend the scheduling order. Defendant Rehrig Pacific Company ("Defendant" or "Rehrig") opposes the pending motion. Having carefully considered the parties' submissions and the complete record in this case, the Court DENIES Plaintiff's motion for reconsideration.

I.   **BACKGROUND**

    A.   **Factual Background**

This case concerns a dispute over three types of containers used in the harvesting and storage of fruit: (1) the Harvest Tote; (2) the Second Generation Harvest Tote; and (3) the Grape Lug. Plaintiff alleges that Defendant breached an agreement wherein it promised to share with Plaintiff the patent and ownership interests associated with the three containers. Plaintiff asserts claims for (1) the correction of inventorship pursuant to 35 U.S.C. § 256; (2) false promise under California tort law; and (3) unfair competition in violation of California's Unfair Competition Law ("the UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*.

**B.     Relevant Procedural History**

On April 16, 2012, the parties participated in an initial scheduling conference. In preparation for the scheduling conference, the parties filed a joint scheduling report in which the parties proposed that all discovery would be completed by January 18, 2013. (Doc. 33 at 10-11.) The Magistrate Judge accepted the parties' proposed deadlines and issued a scheduling order that was consistent with those dates. (Doc. 37.) According to the scheduling order, all discovery, including any motions to compel, were to be completed by no later than January 18, 2013, and any dispositive motions were to be served and filed by no later than February 15, 2013. (Id. at 2.)

On November 21, 2012, the Magistrate Judge held an informal telephonic discovery conference in response to Plaintiff's request for an extension of the deadline for expert disclosures, as well as the deadlines for expert and non-expert discovery. Although the Magistrate Judge found that Plaintiff had "failed to demonstrate good cause to modify the scheduling order," the Magistrate Judge continued the deadline for expert disclosures to December 7, 2012, and continued the deadlines for expert and non-expert discovery to February 8, 2013. (Doc. 39.) The Magistrate Judge warned the parties that "[n]o further modifications to the scheduling order w[ould] be permitted." (Id.)

On January 18, 2013, Plaintiff filed a motion to compel discovery responses. (Doc. 44.) The motion was noticed for hearing on February 8, 2013, the cutoff date for the completion of expert and non-expert discovery. (Id.)

On February 8, 2013, the Magistrate Judge denied Plaintiff's motion to compel. (Doc. 59.) The Magistrate Judge explained that the motion was, in effect, untimely because any discovery compelled by the court could not be completed within the discovery deadlines set by the scheduling order. (Id. at 7-8.) The Magistrate Judge also explained that Plaintiff had not moved to amend the scheduling order and, even if Plaintiff had moved to amend the scheduling order, good cause did not exist, as required by Federal Rule of Civil Procedure 16(b)(4).[1] (Id. at 9-11.)

That same day, after the Magistrate Judge issued the order denying Plaintiff's motion to compel, Plaintiff filed a motion to amend the scheduling order. (Doc. 65.) Plaintiff sought to reopen discovery

---

[1] Defendant also filed a motion to compel discovery on January 18, 2013, and that motion was also scheduled to be heard on February 8, 2013. (Doc. 43.) The Magistrate Judge denied Defendant's motion to compel for the very same reasons that she denied Plaintiff's motion to compel. (Doc. 59.)

2

for the limited purpose of allowing the relief Plaintiff requested in its motion to compel. (Id. at 2.) In response, the Magistrate Judge ordered supplemental briefing on the issue. (Doc. 67.) The Magistrate Judge instructed Plaintiff to identify specific categories of discovery that Plaintiff wished to obtain; to explain how the discovery is relevant; and to demonstrate why the discovery is absolutely necessary to prove its claims. (Id.) The Magistrate Judge admonished Plaintiff that "the time for broad discovery has long since past." (Id.)

On February 21, 2013, the Magistrate Judge denied Plaintiff's motion to amend the scheduling order. (Doc. 73.) The Magistrate Judge found that Plaintiff failed to establish good cause under Rule 16(b)(4) because (1) Plaintiff failed to demonstrate that it was diligent in conducting discovery despite having received an extension of the discovery deadlines; and (2) ongoing settlement efforts do not, in of themselves, constitute good cause to amend the scheduling order. (Id. at 6-9.) The Magistrate Judge also found that Plaintiff failed to demonstrate that it would suffer prejudice from being denied further discovery because Plaintiff's discovery requests were either irrelevant or unnecessary to prove any of its claims. (Id. at 10-14.)

### C. The Pending Motion for Reconsideration

On March 7, 2013, Plaintiff filed the pending motion for reconsideration. (Doc. 90.) Plaintiff seeks reconsideration pursuant to Federal Rule of Civil Procedure 72(a) of the Magistrate Judge's order denying Plaintiff's motion to amend the scheduling order. (Id. at 6.) Plaintiff argues that the Magistrate Judge erred in two main respects. First, as a threshold matter, Plaintiff maintains that the Magistrate Judge erred by applying Rule 16(b)(4)'s "good cause" standard in evaluating and ultimately denying Plaintiff's initial motion to compel discovery responses. (Id. at 13-16.) Second, Plaintiff maintains that the Magistrate Judge erred by requiring Plaintiff to demonstrate necessity before obtaining discovery and by concluding that Plaintiff's discovery requests were either irrelevant or unnecessary to proving its claims. (Id. at 7-13, 16-17.)

## II. LEGAL STANDARD

A party may serve and file objections to a non-dispositive pretrial order issued by a magistrate judge within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a). Timely objections must be considered by the district judge in the case, and any part of the order that is "clearly

3

1  erroneous or . . . contrary to law" must be modified or set aside. Id. See 28 U.S.C. § 636(b)(1)(A) ("A
2  judge of the court may reconsider any pretrial matter . . . where it has been shown that the [magistrate
3  judge's] order is clearly erroneous or contrary to law.").

4       A magistrate judge's purely legal determinations are reviewed *de novo* under the "contrary to
5  law" standard. See Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002); see also Green v. Baca,
6  219 F.R.D. 485, 489 (C.D. Cal. 2003). As for a magistrate judge's factual determinations, the "clearly
7  erroneous" standard applies, and the magistrate judge's findings are entitled to significant deference.
8  See Phoenix Engineering & Supply v. Univ. Elec., 104 F.3d 1137, 1141 (9th Cir. 1997); Maisonville
9  v. F2 America, Inc., 902 F.2d 746, 748 (9th Cir. 1990). Under this standard, the district court may not
10 simply substitute its own judgment for that of the magistrate judge. See Grimes v. City and County of
11 San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). Rather, "the district court can overturn the magistrate
12 judge's ruling only if the district court is left with the definite and firm conviction that a mistake has
13 been made." Computer Econ., Inc., v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999)
14 (citation omitted). If the magistrate judge's view is at least plausible in light of the record, it cannot be
15 deemed clearly erroneous. See Anderson v. Bessemer City, 470 U.S. 564, 573 (1985).

16      When an issue presents a mixed question of law and fact, the proper standard of review hinges
17 "on whether factual matters or legal matters predominate." United States v. Marbella, 73 F.3d 1508,
18 1515 (9th Cir. 1996). If the issue is essentially factual or if the court's discretion is determinative, the
19 clearly erroneous standard applies. See id. If, however, the issue requires the consideration of various
20 legal concepts and principles, the contrary to law standard applies and the issue must be reviewed *de*
21 *novo*. See United States v. McConney, 728 F.2d 1195, 1202 (9th Cir. 1984). A motion to modify the
22 scheduling order rests within a court's discretion and therefore is reviewed under the clearly erroneous
23 standard. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002) (reviewing denial
24 of a motion to modify a scheduling order for an abuse of discretion); see also Point 4 Data Corp. v. Tri-
25 State Surgical Supply & Equipment, Ltd., Case No. 11 CV 726 (CBA) (RLM), 2012 U.S. Dist. LEXIS
26 113860, at *5 (E.D.N.Y. Aug. 13, 2012) ("[T]he Court is persuaded that the clearly erroneous standard
27 is appropriate for orders based on procedural considerations under Rule 16[.]") (citations and internal
28 quotation marks omitted).

III.   DISCUSSION

    A.   Application of Rule 16

Plaintiff maintains that the Magistrate Judge erred by applying Rule 16(b)(4), which sets forth the standard for modifying scheduling orders, to Plaintiff's initial motion to compel. Plaintiff stresses that it filed its motion to compel one month before the deadline for discovery and the filing of motions to compel expired. Plaintiff also stresses that its motion was fully briefed one week before the noticed hearing date. Thus, in Plaintiff's view, its motion to compel was timely; there was no need to consider any modifications to the scheduling order; and the Magistrate Judge should have evaluated the merits of its motion to compel under the normal (and liberal) relevancy requirements of Federal Rules of Civil Procedure 26 and 37.

Plaintiff's focus on when in it *filed* its motion to compel is misguided. The February 8, 2013, deadline set by the scheduling order did not simply establish the cutoff date for the filing of motions to compel; the February 8, 2013, deadline established the cutoff date for the *completion of all discovery*. (See Doc. 37 at 2) ("All . . . discovery, including motions to compel, shall be *completed* no later than **January 18, 2013.**") (italics added) (bold in the original); (see also Doc. 39) ("Non-Expert and Expert Discovery shall be *completed* by **February 8, 2013**.") (italics added) (bold in the original). In other words, the scheduling order required that all discovery, including any discovery ordered as a result of a motion to compel, be completed by February 8, 2013.

Plaintiff's motion to compel, which was noticed to be heard on February 8, 2013, would have run afoul of this requirement. Any compelled discovery would, in all likelihood, have had to have been completed *after* February 8, 2013.[2] Thus, under these circumstances it was proper for the Magistrate Judge to consider first whether the scheduling order should be modified before granting Plaintiff any relief on its motion to compel. See, e.g., Truong v. Sacramento County Sheriff Dep't, Case No. 2:10-cv-0506-MCE-KJN, 2012 U.S. Dist. LEXIS 163689 (E.D. Cal. Nov. 15, 2012) (addressing modification

---

[2] Theoretically, Plaintiff's motion to compel could have been resolved by February 8, 2013, and perhaps some of the requested discovery could have been produced that same day (e.g., product samples of the Harvest Tote). Nevertheless, this Court is in absolutely no position to micro-manage the Magistrate Judge's schedule, and it would be inappropriate for this Court to suggest that the Magistrate Judge could (or should) have undertaken such an onerous task. This district is one of the busiest in the nation, and the simple truth is that the parties cannot presume that the court will be able to wade through 423 pages of joint statements and exhibits and render a ruling at the drop of a hat.

5

of the scheduling order before deciding the merits of a pending motion to compel, which was filed prior to the close of discovery, because any compelled discovery would not have been completed until after the deadlines for non-expert discovery). Accordingly, the Magistrate Judge did not act contrary to law by applying Rule 16(b)(4).[3]

**B.     Good Cause**

Under Rule 16, a scheduling order "may be modified *only* for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. Id. If, however, the moving party "'was not diligent, the inquiry should end" and the motion to modify should not be granted." Zivkovic, 302 F.3d at 1087 (quoting Johnson, 975 F.2d at 609).

Here, the record is sufficient to support the Magistrate Judge's finding that Plaintiff did not act diligently in conducting discovery. Discovery opened by May 2012. Nevertheless, Plaintiff apparently did not begin its discovery efforts in earnest until approximately six months later. Although Plaintiff suggests that the entire time was spent pursuing settlement, this contention is unpersuasive. First, as a factual matter, it was unreasonable for Plaintiff to eschew discovery altogether for six months simply because on one occasion the parties arranged a meeting wherein "Mr. Rehrig told Mr. Gerawan that he would get back to Mr. Gerawan about the *possibility* of settling the case"[4] (Doc. 65 at 11) (emphasis added). Second, as a legal matter, settlement discussions do not, in of themselves, arise to good cause for modifying a scheduling order. Eckert v. City of Sacramento, 2:07-cv-0825-GEB-GGH, 2009 U.S. Dist. LEXIS 95655, at *5 (E.D. Cal. Sept. 30, 2009); see also Nat'l Corporate Tax Credit Funds III v. Potashnik, Case No. CV 07-3528 PSG (FMOx), 2009 U.S. Dist. LEXIS 113048, at *8-9 (C.D. Cal. Nov.

---

[3] The Court notes that allowing discovery to continue past February 8, 2013, was not an insignificant matter. To the contrary, permitting discovery past that date had practical implications for the orderly resolution of this case. Because the discovery deadlines had been continued once already by three weeks, the deadline for the filing of dispositive motions was just one week away. Therefore, if the Magistrate Judge simply allowed discovery to continue, the deadline for the filing of dispositive motions would need to be continued, which, in turn, would likely have impacted the trial schedule.

[4] There is a dispute whether this meeting even occurred during the relevant time period. Defendant asserts that the meeting took place in January 2012, well before the filing of the parties' April 9, 2012 Joint Scheduling Conference Report wherein Defendant indicated that it was not interested in settlement negotiations until after discovery. (Doc. 94 at 4 n.3.)

6

19, 2009) (explaining, in the context of Federal Rule of Civil Procedure 6(b), that "purported reliance on settlement negotiations does not constitute good cause for refusing to participate in discovery" and the prospect of settlement ultimately does not excuse a party from its failure to conduct discovery "on a parallel track").

Plaintiff also suggests that the tardiness of its current discovery requests was due, in large part, to the failures of Defendant and other parties. For example, Plaintiff insists that Defendant withheld certain documents before producing them at the very last minute on December 27, 2012. Plaintiff also indicates that a witness did not reveal that he had withheld certain documents from production until his deposition on January 17, 2013.

Plaintiff fails to acknowledge the underlying fact that had it requested Defendant's documents earlier than late November 2012, or had not waited until three weeks before the close of discovery to conduct depositions, these discovery disputes could have been timely resolved and no modification of the scheduling order would have been needed. Because Plaintiff elected to wait until the last moment to conduct discovery, it must now live with the consequences of its decisions. As the Magistrate Judge correctly explained, "[d]iscovery disputes . . . are a common component of any civil matter and they should be anticipated." (Doc. 59 at 10-11.) "That this case became plagued with discovery disputes at the eleventh hour is [therefore] of no consequence" and in no way excuses Plaintiff from its failure to conduct discovery diligently from the outset. (Id. at 11.)

As a whole, the record fully supports the Magistrate Judge's finding that Plaintiff did not act diligently in conducting discovery. Accordingly, the Magistrate Judge's conclusion that good cause to modify the scheduling order did not exist is not clearly erroneous.

**C. Absolute Necessity**

Despite finding a lack of good cause, the Magistrate Judge exercised the court's inherent power over its docket and afforded Plaintiff one final opportunity to demonstrate that the requested discovery was "absolutely" necessary to prove its case. (Doc. 67.) Plaintiff now argues that the Magistrate Judge erred by (1) requiring Plaintiff to demonstrate absolute necessity, as opposed to ordinary relevancy, in order to obtain discovery; and (2) concluding that Plaintiff's discovery requests were either irrelevant or unnecessary to proving its claims.

7

The Court is not persuaded.  Plaintiff fails to appreciate that it was not entitled to compel any discovery because, as explained above, such would have violated the scheduling order, which Plaintiff failed to show good cause to amend.  Therefore, to the extent that any further discovery could be had, it was only through the leniency afforded Plaintiff by the court's decision to exercise its inherent power over matters on its docket.  When exercising such power, it is within the court's discretion to set any limitations it sees fit.  See generally Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) ("[I]nherent powers must be exercises with restraint and discretion.").

Here, the Magistrate Judge demanded a showing of absolute necessity before compelling any belated discovery.  As discussed in detail below, Plaintiff failed to make such a showing with respect to each of its discovery requests.

### 1.      Patent Pending Documents

Plaintiff requests documents that relate to the marking of "Patent Pending" by Defendant on its products.  However, Plaintiff never requested these documents in its initial motion to compel.  While Plaintiff argues that it intended to raise this issue at the hearing scheduled before the Magistrate Judge on February 8, 2013, that is besides the point.  The Magistrate Judge requested supplemental briefing on what discovery *in Plaintiff's motion to compel* Plaintiff thought was necessary to prove its case; the Magistrate Judge had absolutely no intention of revisiting discovery as a general matter.  (See Doc. 67) ("The Court ADMONISHES Plaintiff that the time for broad discovery has long since past.") (emphasis in original).  Indeed, Plaintiff framed the issue similarly in its motion to amend the scheduling order. (See Doc. 65 at 2) ("Specifically, [Plaintiff] moves to . . . amend the Scheduling Order to continue or re-open discovery *for the limited purpose of granting the relief sought in [Plaintiff's] motion to compel* filed on January 18, 2013[.]") (emphasis added).  Accordingly, the Magistrate Judge correctly refused to compel any discovery on this matter.

### 2.      Back-Up Sales Reports for the Harvest Tote

Plaintiff requests back-up sales reports for the Harvest Tote because the deposition testimony of one witness suggests that the reports Defendants did produce are missing one year.  The sales reports of the Harvest Tote, however, are not necessary to prove Plaintiff's claims.  First, whether Defendant produced a complete report of its sales *during litigation* might be relevant for sanctions purposes, but

8

the matter has little, if any, bearing on whether Defendant intended to fulfill any promises it made *in 1993*, which is the basis for Plaintiff's false promise claim.  Second, information on Defendant's sales of the Harvest Tote is not necessary to any remedy Plaintiff may recover under its UCL claim.  Under the UCL, Plaintiff's remedies are limited to restitution and injunctive relief.  See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003).  Plaintiff, however, has not alleged a theory of liability under its UCL claim that would entitle it to recover any form of restitution implicating sales of the Harvest Tote.  Accordingly, for all these reasons, the Magistrate Judge correctly refused to compel any discovery on this matter.

### 3. Samples of the Harvest Tote

Plaintiff requests the production of a Harvest Tote in Defendant's possession because it claims that it will be necessary at trial for Plaintiff to compare the Harvest Totes in its possession with those that are in Defendant's possession.  The Court strains to see why.  Plaintiff does not indicate that the Harvest Totes are different in any remarkable way, let alone explain why comparing the Harvest Totes is necessary to proving its claims.  Accordingly, the Magistrate Judge correctly refused to compel any discovery on this matter.

### 4. Mr. Kalin's Deposition and Files

Finally, Plaintiff requests to depose Jon Kalin further and requests the production of a file that is in his possession.  Again, Plaintiff fails to show why any of this is necessary.  All Plaintiff argues is that it is entitled to more than seven hours of deposition time with Mr. Kalin.  Plaintiff fails to explain what testimony it seeks to elicit from Mr. Kalin or what information it hopes to unearth from the file in Mr. Kalin's possession.  Accordingly, the Magistrate Judge correctly refused to compel any discovery on this matter.

**IV. CONCLUSION**

The Magistrate Judge's order denying Plaintiff's motion to amend the scheduling order is not clearly erroneous or contrary to law.  Plaintiff's motion for reconsideration is therefore DENIED.

IT IS SO ORDERED.

**Dated:   March 19, 2013           /s/  Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE