UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., | Case No. 1:11-cv-01273 LJO BAM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | |
| REHRIG PACIFIC COMPANY, | (Doc. 96) |
| Defendant. | |

Now pending before the Court is Plaintiff Gerawan Farming, Inc.'s ("Plaintiff's") motion for reconsideration. Plaintiff requests reconsideration of the assigned Magistrate Judge's order filed on March 25, 2013, in which the Magistrate Judge denied Plaintiff's motion to amend its first amended complaint. Having carefully considered the parties' submissions filed in connection with this matter and the record in this case, the Court DENIES the motion for reconsideration.

**I.   BACKGROUND**

This case concerns a dispute over three types of containers used in the harvesting and storage of various fruit: (1) the Grape Lug; (2) the Harvest Tote; and (3) the Second Generation Harvest Tote. Plaintiff avers that Defendant Rehrig Pacific Company ("Defendant") breached an agreement wherein it promised to share with Plaintiff the patent and ownership interests in the three containers. Based on

such allegations, Plaintiff asserted the following claims in its first amended complaint: (1) correction of inventorship pursuant to 35 U.S.C. § 256; (2) false promise under California tort law; and (3) unfair competition in violation of California's Unfair Competition Law ("the UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* and California common law.[1]

On February 8, 2013, the date on which discovery closed in this case, Plaintiff filed a motion to amend its first amended complaint. (Doc. 60.) Plaintiff sought to amend its pleadings by (1) adding a claim for false marking pursuant to 35 U.S.C. § 292; (2) adding "key facts" in support of its "existing" claims; and (3) correcting "typographical and grammatical errors to clarify the claims at issue." (Id. at 1.) Plaintiff emphasized that the bases for its amendments only became apparent during the course of the parties' recent discovery.

On March 7, 2013, the Magistrate Judge issued an order denying Plaintiff's motion to amend. (Doc. 89.) The Magistrate Judge first determined that Federal Rule of Civil Procedure 15(a), and not Federal Rule of Civil Procedure 16(b), provided the appropriate standard for whether Plaintiff should be permitted to amend its pleadings. (Id. at 7.) The Magistrate Judge then proceeded to consider the five factors relevant under Rule 15(a): bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and the existence of prior amendments. The Magistrate Judge found no evidence of bad faith and viewed the issues of futility and prior amendments as inconclusive or neutral factors. (Id. at 8, 14.) However, with respect to undue delay and prejudice, the Magistrate Judge found that Plaintiff was not diligent in seeking its amendment and that Defendant would be prejudiced because discovery would need to be reopened so that Defendant could adequately defend against the new and expanded scope of Plaintiff's claims. (See id. at 8-14.) The Magistrate Judge concluded that these were sufficient bases for denying Plaintiff's motion.

On March 25, 2013, Plaintiff filed the instant motion seeking reconsideration of the Magistrate Judge's decision. (Doc. 96.) Defendant filed an opposition to the motion on April 1, 2013. (Doc. 97.) Upon the Court's request, the parties also filed supplemental briefing on the discrete issue of prejudice with respect to one of Plaintiff's proposed amendments. (Docs. 99, 101, & 103.)

---

[1] On April 8, 2013, the Court granted Defendants summary adjudication on Plaintiff's claims for correction of inventorship and false promise. (Doc. 100.)

2

## II. LEGAL STANDARDS

### A. Rule 72(a) – Reconsideration

A party may serve and file objections to a non-dispositive pretrial order issued by a magistrate judge within fourteen days after being served with a copy of the order. Fed. R. Civ. P. 72(a). Timely objections must be considered by the district judge in the case, and any part of the order that is "clearly erroneous or . . . contrary to law" must be modified or set aside. Id. See 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the [magistrate judge's] order is clearly erroneous or contrary to law.").

A magistrate judge's purely legal determinations are reviewed de novo under the "contrary to law" standard. See Computer Econ., Inc., v. Gartner Group, Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). As for a magistrate judge's factual determinations, the "clearly erroneous" standard applies, and the magistrate judge's findings are entitled to "great deference." Phoenix Engineering & Supply v. Universal Electric, 104 F.3d 1137, 1141 (9th Cir. 1997). Under this standard, the district court may not simply substitute its own judgment for that of the magistrate judge. See Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991); Avalos v. Foster Poultry Farms, 798 F. Supp. 2d 1156, 1160 (E.D. Cal. 2011). Instead, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Computer Econ., 50 F. Supp. 2d at 983. If the magistrate judge's view is at least plausible in light of the entire record, it cannot be deemed clearly erroneous. See Anderson v. Bessemer City, 470 U.S. 564, 573 (1985).

### B. Rule 15(a)(2) – Leave to Amend

A court should give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In making this determination, a court should consider five factors: (1) the presence of undue delay; (2) bad faith or dilatory motive; (3) prior amendments; (4) prejudice to the opposing party; and (5) futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). "Not all of the factors merit equal weight[,]" however. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the party opposing the amendment is the critical factor that "carries the greatest weight." Id. (citation omitted). Futility may also justify the

denial of a motion to amend. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Undue delay, on the other hand, is by itself an insufficient reason to deny a motion to amend. Bowles v. Reade, 198 F. 3d 752, 758 (9th Cir. 1999).

**III. DISCUSSION**

**A. Plaintiff's Motion is Timely**

Defendant hints in its opposition that Plaintiff's motion for reconsideration is untimely. It is not. The Magistrate Judge's order denying Plaintiff's motion to amend was issued on March 7, 2013. Pursuant to Rule 72(a), a party has fourteen days after being served with a copy of the order to file any objections. Fed. R. Civ. P. 72(a). However, because Plaintiff accepts service electronically, Plaintiff actually had seventeen days to file its objections. See Fed. R. Civ. P. 6(d) (affording three additional days to parties accepting service electronically if the party is required to act after service is executed). Because March 24, 2013 fell on a Sunday, the deadline for Plaintiff to file its objections continued to the end of Monday, March 25, 2013. See Fed. R. Civ. P. 6(a)(1)(C). Plaintiff filed the instant motion for reconsideration on that date.

**B. Leave to Amend is Unwarranted**

As indicated above, Plaintiff sought to amend its operative complaint by (1) adding a claim for false marking pursuant to 35 U.S.C. § 292; (2) adding "key facts" to support its "existing" claims; and (3) correcting "typographical and grammatical errors" to "clarify its claims." For the reasons set forth below, the Court concludes that the Magistrate Judge's order is neither clearly erroneous nor contrary to law such that Plaintiff must be afforded leave to amend.

**1. False Marking**

Plaintiff sought to amend its pleadings to add a claim based on the allegation that Defendant marked the Harvest Tote and Second Generation Harvest Tote with "Patent Pending" when in fact no patent application had ever been filed. Plaintiff maintains that the Magistrate Judge clearly erred by denying such an amendment on the grounds of undue delay and prejudice. Plaintiff insists that it was only through discovery that it began to suspect that Defendant falsely marked its products. Plaintiff also insists that Defendant cannot be surprised by the claim because Defendant raised the issue itself within the context of the Grape Lug and laches.

4

The two elements of a claim for false marking under 35 U.S.C. § 292 are (1) the marking of an unpatented article and (2) an intent to deceive the public. Juniper Networks, Inc. v. Shipley, 643 F.3d 1346, 1350 (Fed. Cir. 2011). In addition, a private party must show that it has suffered a "competitive injury" as a result of the false marking. 35 U.S.C. § 292(b). Although the Ninth and Federal Circuits have not yet defined "competitive injury" in the context of § 292, one district court in this circuit has concluded that the term means "predatory pricing, price discrimination, injury to competition, or loss of business opportunities." Serius Innovative Accessories, Inc. v. Cabela's Inc., Case No. 09-CV-102 H (WMC), 2011 U.S. Dist. LEXIS 145307, at *11 (S.D. Cal. Oct. 19, 2011). If the plaintiff prevails, it may recover compensatory damages. See 35 U.S.C. § 292(b).

If Plaintiff was allowed to amend its pleadings to add a claim under § 292, Defendant would need additional discovery on issues such as causation and damages. The parties may have discussed lost business opportunities and profits in the context of Plaintiff's false promise claims; however, the damages that Plaintiff claims to have suffered as a result of false promises are not necessarily the same as the damages that Plaintiff may have suffered as a result of Defendant's false marking. For example, in the context of Plaintiff's false promise claims, Plaintiff's damages regarding the Second Generation Harvest Tote (i.e., lost royalties from Defendant) start as early as 2003, the first year that the Second Generation Harvest Tote was sold. In contrast, under Plaintiff's false marking claim, damages arising from the Second Generation Harvest Tote (e.g., lost opportunities to license a patent to *other* parties) would only begin in 2008.[2] These damages differ in cause, type, and quantity. Defendant should be allowed an opportunity to explore these differences via discovery (e.g., deposing Plaintiff, its damages expert, and/or obtaining economic experts for rebuttal).

Because discovery was already closed when Plaintiff moved to amend its pleadings, the court would have needed to reopen discovery so that Defendant could delve into these issues. Moreover, the court would have needed to continue the deadline for dispositive motions, which was due to expire in seven days, and reset the trial date, which is set for June 4, 2013. This constitutes prejudice, and the

---

[2] Plaintiff claims that it did not discover the existence of the Second Generation Harvest Tote until 2008 and therefore could not have suffered damages "as a result of" Defendant's false marking prior to then. 35 U.S.C. § 292(b).

5

Magistrate Judge did not clearly err or act contrary to law by denying Plaintiff leave to amend on this basis. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of a motion to amend where amendment would have required additional discovery and would have caused a delay in the case); Solomon v. North American Life & Casualty Insurance Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (same).

### 2. "Key Facts"

Plaintiff sought to amend its pleadings by adding "key facts" to support its "existing" claims. However, as the Magistrate Judge correctly noted, what Plaintiff essentially sought to do was add two new false promises to its existing false promise claim. They are: (1) a promise to file patents for the Harvest Tote; and (2) a promise to assign all rights to any invention, improvement or modification of the Harvest Tote to Gerawan. (Doc. 61 ¶ 35.) The Magistrate Judge found that Plaintiff acted with undue delay in bringing these amendments and that Defendant would be prejudiced by the expanded scope of Plaintiff's false promise claim.

#### a. Promise to File Patents

The Magistrate Judge did not clearly err or act contrary to law by finding undue delay with respect to this alleged false promise. The allegation that Defendant falsely promised to file patents for the Harvest Tote is rooted in a compilation of draft agreements that were exchanged in 1993 and 1994. According to Plaintiff, it did not discover the existence of the draft agreements until December 2012.[3] However, even assuming this is true, Plaintiff should have moved to amend its pleadings at that point to the extent that Plaintiff wished to allege this false promise. Plaintiff should not have waited until after discovery and a week before dispositive motions were due to seek leave to amend its pleadings. This constitutes delay. See Jackson v. Bank of Haw., 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment[.]") (citations omitted).

With that said, delay alone does not justify denying a motion to amend. Bowles, 198 F.3d at

---

[3] It does not appear that the "late" discovery of these documents was ever made known to the Magistrate Judge. Instead, the record before the Magistrate Judge seems to have suggested that this information was in Plaintiff's possession all along.

758.  There must be prejudice to Defendant as a result of the amendment.  See Eminence Capital, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the [other relevant] factors, there exists a presumption . . . in favor of granting leave to amend.").

The Court has requested, and the parties have provided, *extensive* briefing on this issue.  (Docs. 98, 99, 101 & 102.)  Having reviewed the submissions, the Court concludes that the Magistrate Judge did not clearly err in finding that Defendant would be prejudiced by a lack of discovery on this false promise.  To be sure, the allegation that Defendant falsely promised that it would actually file a patent for the Harvest Tote overlaps with the allegation that Defendant falsely promised that it would jointly own patent rights for the Harvest Tote *if any were obtained*.  As such, much discovery obtained with respect to the latter would likely be relevant and apply to the former.  Nevertheless, the Court cannot ignore the fact that had Defendant known to focus on the allegation that it promised to file a patent, it would have conducted discovery differently.  And, to negate the prejudicial effect of those differences, Defendant would need additional discovery.

For example, Defendant should be allowed to inquire into (1) the alleged promises made in the "Agreement in Principle" documents; (2) the scope of Mr. David Dever's conversations with Mr. Cory Phillips; (3) the July 6, 1994 "Rehrig-Legal Fees" memo; (3) whether the Harvest Tote was patentable; (4) whether and to what extent Plaintiff had any contact with other manufacturers that were interested in producing the Harvest Tote; and (5) what other business opportunities Plaintiff might have had had it not relied on Defendant's promises.  These matters all go towards the elements of Plaintiff's claim: a false promise, knowledge of falsity, reliance, and damages.  Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).  Although Plaintiff maintains that there is already evidence in the record on these matters, that misses the point.  The issue is not whether there is sufficient evidence in the record to adequately support Plaintiff's claim, but rather, whether Defendant has fully explored these issues so that it has the opportunity to prepare a complete defense.  Having reviewed the parties' submissions, it does not appear that Defendant has been given that opportunity.  This is prejudicial.

### b. Promise to Assign Rights

The Magistrate Judge did not clearly err or act contrary to law by denying Plaintiff leave to amend to include this false promise.  As an initial matter, there was undue delay in bringing this claim.

The foundation for this claim is the alleged breach of the parties' confidentiality agreement. The facts surrounding this event were fully known to Plaintiff at the start of the case. In fact, Plaintiff alleged a closely related claim based on these very facts in its operative complaint (i.e., the false promise not to use Plaintiff's proprietary materials for unauthorized purposes). Therefore, to the extent that Plaintiff wished to allege another false promise based on the parties' confidentiality agreement, Plaintiff could have done so *long* ago and should not have waited until the very last hours of discovery to take action. See Chodos v. West Publ. Co., Inc., 292 F.3d 992, 1003 (9th Cir. 2002) ("The district court denied the motion [to amend], finding that those 'new' facts had been available to [the plaintiff] even before the first amendment to his complaint. Given this finding, the district court's conclusion that the motion to amend was made after undue delay did not constitute an abuse of discretion.") (citation omitted); see also Acri v. International Assoc. of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (citations omitted).

In addition to unexplained delay, it is now clear that granting Plaintiff leave to amend to add this claim would have been futile. Beyond Plaintiff's conclusory allegations of knowledge and intent, Plaintiff failed to allege in its proposed amended complaint facts sufficient to give rise to a plausible inference that Defendant never intended to keep its promise. This deficiency would have reappeared on summary judgment. Plaintiff has no evidence that Defendant intended to breach the confidentiality agreement when it was agreed to in 1993. (See Doc. 100 at 16.) As such, summary judgment would have been granted for the same reason that summary judgment has already been granted with respect to Plaintiff's other false promise (i.e., the false promise not to use Plaintiff's proprietary materials for unauthorized purposes).[4] (See id.) Amendment is therefore unwarranted. See Johnson v. American

---

[4] There is *no* reason to believe that Plaintiff has any additional evidence on this matter. Although the Magistrate Judge denied Plaintiff's motion to amend, Plaintiff still attempted to raise and offer evidence of its new false promise in its opposition to Defendant's motion for summary judgment. (See Doc. 76 at 21-23.) Plaintiff relied on the same evidence for its new false promise allegations as it did for its existing false promise allegations. As indicated above, that evidence did not create a triable issue. There was no evidence showing that Defendant harbored an intent to breach the confidentiality agreement at the time it was agreed to.

8

Airlines, 834 F.2d 721, 724 (9th Cir. 1987) ("[F]utility includes the inevitability of a claim's defeat on summary judgment.") (citation omitted).

### 3. **Typographical and Grammatical Errors**

Finally, Plaintiff sought to correct "typographical and grammatical errors" in its pleadings. It appears that by this Plaintiff wished to clarify that its unfair competition allegations included a claim for unfair competition under the UCL *and* under California common law. This is a fair reading of the operative complaint, and the Court has already construed Plaintiff's unfair competition claims to that effect. (See Doc. 100 at 7.) This issue is therefore moot.

## IV. CONCLUSION

The Magistrate Judge's order denying Plaintiff's motion to amend is not clearly erroneous or contrary to law such that Plaintiff must be afforded leave to amend. Accordingly, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **April 12, 2013**          /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE