UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., | Case No. 1:11-cv-1273 LJO BAM |
| Plaintiff, | ORDER RE: PLAINTIFF'S REQUEST TO MODIFY THE FINAL PRETRIAL ORDER |
| v. | |
| REHRIG PACIFIC COMPANY, | (Doc. 172) |
| Defendant. | |

On May 24, 2013, Plaintiff Gerawan Farming, Inc. ("Plaintiff") filed a request to modify the final pretrial order. Plaintiff seeks to modify the final pretrial order so that Plaintiff may (1) call Philip Parnagian, Pablo Costelo, Richard Mittry, Walter Jones, and Russ Tavlan as witnesses during trial; (2) offer as trial exhibits documents attached to Philip Parnagian's declaration (Doc. 159); and (3) offer as trial exhibits photographs taken by Pablo Costelo. Defendant Rehrig Pacific Company ("Defendant") filed an opposition to the request on May 28, 2013, and Plaintiff filed a reply on May 29, 2013.

I.   DISCUSSION

As the Court emphasized in the final pretrial order, unless the parties stipulate to modifying the final pretrial order, modification will only be allowed "to prevent manifest injustice." (Doc. 167 at 28) (quoting Fed. R. Civ. P. 16(e)). To make this determination, the Ninth Circuit has instructed courts to consider: (1) the degree of prejudice to the moving party if the pretrial order is left unchanged; (2) the degree of surprise or prejudice to the opposing party if the pretrial order is modified; (3) the ability of

1

the opposing party to cure the prejudice; (4) the impact of the modification on the orderly and efficient conduct of the case; and (5) any degree of willfulness or bad faith by the moving party. See Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); United States v. First Nat'l Bank, 652 F.2d 882, 887 (9th Cir. 1981). "It is the moving party's burden to show that a review of these factors warrants a conclusion that manifest injustice would result if the pretrial order is not modified." Byrd v. Guess, 137 F.3d 1126, 1132 (9th Cir. 1998), superseded by statute on other grounds.

### A. Philip Parnagian, Richard Mittry, Walter Jones, and Russ Tavlan,

If Plaintiff is not permitted to offer Philip Parnagian (and his exhibits), Richard Mittry, Walter Jones, and Russ Tavlan at trial, Plaintiff will not be unfairly prejudiced. Plaintiff wishes to offer these witnesses and exhibits to show the likelihood of consumer confusion regarding the Second Generation Harvest Tote. However, according to Plaintiff, "virtually identical documents written to different third parties are already identified in the parties' exhibit list." (Doc. 172 at 2.) Therefore, the Court finds it difficult to see how "manifest injustice" would result to Plaintiff if the pretrial order is not modified to allow this evidence. Fed. R. Civ. P. 16(e).

Defendant, on the other hand, would be surprised and prejudiced if Plaintiff were allowed to introduce these witnesses and exhibits at trial. Plaintiff never disclosed this evidence in its initial or supplemental disclosures. As far as the Court is aware, the first time Plaintiff introduced this evidence as support for its case was in its supplemental briefing filed on May 3, 2013. This was more than two weeks after the parties submitted their joint pretrial statement and more than two weeks after the Court conducted the pretrial conference in this case. (Docs. 106, 108.) As a result, Defendant never had the opportunity to explore this evidence through discovery.

Defendant presently has no ability to cure the prejudice that would be caused by the insertion of all of Plaintiff's late witnesses and exhibits into this case. Discovery ended almost four months ago on February 8, 2013, and trial is scheduled to begin *in a few days*. Therefore, the only way to cure the prejudice caused by all of Plaintiff's belated disclosures would be to reopen discovery and reschedule trial. However, this would only prejudice Defendant in a different way since the orderly and efficient conduct of this case would be greatly disrupted. See Hunt, 672 F.3d at 617 ("[T]he amendment would have interfered with the orderly and efficient conduct of the case because curing the prejudice would

2

have required reopening discovery, which, in turn, would have delayed the proceedings.").

Plaintiff contends that Defendant effectively waived any argument that it would be prejudiced when Defendant declined the Court's May 9, 2013, invitation to reopen discovery. (See Doc. 164 at 3; Doc 166 at 4.) Plaintiff's view of this matter is incorrect. The Court offered to reopen discovery only to the extent that Defendant was unprepared to defend against Plaintiff's common law claim as it then stood in the parties' recently filed joint pretrial statement. The Court did not address, let alone intend to condone, Plaintiff's late-disclosed witnesses. That much should have been clear when the Court did not include Philip Parnagian, Pablo Costelo, Russ Tavlan, Richard Mittry, or Walter Jones in the final pretrial order. (See Doc. 167 at 23-24.) The Court did not interpret nor did it ever intend to give the impression that Defendant's decision not to reopen discovery somehow opened the door to Plaintiff's late-disclosed witnesses and exhibits.

Plaintiff also maintains that there is no willfulness or bad faith on its part *and that Defendant is actually the one to blame*:

> [T]here is no bad faith or willfulness on Gerawan's part. Gerawan did not know that these witnesses were needed until the eleventh hour when Rehrig attempted to recast Gerawan's claims as identical to a trademark infringement claim, and argued that actual confusion was necessary for Gerawan to prove this newly recast unfair competition claim.

(Doc. 172 at 4.) This is disingenuous. First, in response to the Court's hard efforts to clarify the basis of Plaintiff's common unfair competition claim, it was *Plaintiff* who analogized its claim to trademark infringement by way of "passing off." (See Doc. 109 at 1-2) ("GFI's [Gerawan's] common law unfair competition claim is based . . . on traditional passing off, which occurs when business labels its goods with a mark identical to that of another enterprise."). Second, it should go without saying that it is not Defendant's burden to point out what evidence Plaintiff will need to prevail on its own claims. Quite frankly, it is ridiculous for Plaintiff to argue, as it essentially does, that Defendant is to blame because Defendant failed to advise Plaintiff how to prove its claim sooner. Plaintiff, and Plaintiff alone, is the one to blame for its current predicament.[1]

---

[1] This is not the first time that the Court has had to address Plaintiff's lack of diligence in this case. (See, e.g., Doc. 95.) Indeed, this Court has already explicitly cautioned Plaintiff once that it will not tolerate dilatory conduct and that such will be grounds for sanctions. (Doc. 165 at 9 n.3.)

Having considered and weighed the relevant factors, the Court concludes that Plaintiff has not met its burden in showing that manifest injustice would result if Plaintiff is not allowed to introduce Philip Parnagian (and his exhibits), Richard Mittry, Walter Jones, and Russ Tavlan at trial. Plaintiff's request to modify the pretrial order in this regard is therefore DENIED.[2]

**B.      Pablo Costelo**

Plaintiff seeks to offer Pablo Costelo and his photographs as evidence at trial. Pablo Costelo asserts that in 2002 and 2003 he purchased Harvest Totes, not Second Generation Harvest Totes, from Defendant. (Doc. 160 at 1.) Pablo Costelo took photographs of those Harvest Totes on May 2, 2013. (Id. at 2-5.) This tends to undermine Defendant's statute of limitations defense. Defendant maintains that Plaintiff's claims accrued by 2002 or 2003 (nearly ten years before this action was filed) because Plaintiff facilitated, and therefore knew of, purchases of the Second Generation Harvest Tote by Pablo Costelo's company in 2002 or 2003.

Several of the factors that weighed against allowing Plaintiff to offer Philip Parnagian, Richard Mittry, Walter Jones, and Russ Tavlan at trial also weigh against allowing Plaintiff to introduce Pablo Costelo and his photographs at trial. Plaintiff never disclosed Pablo Costelo and his photographs in its initial or supplemental disclosures and waited until May 3, 2013, to disclose this information. Further, Plaintiff's belated disclosure of Pablo Costelo can only be seen as the product of willfulness, or at the very least, inexplicable delay. Plaintiff knew from the inception of this case that Defendant sought to challenge Plaintiff's claims as time-barred under the relevant statutes of limitations. And by the time Defendant filed its motion for summary judgment, it was clear that Pablo Costelo's testimony was (or could be) key to defending against Defendant's statute of limitations defense. Nevertheless, Plaintiff waited until two weeks after the pretrial conference and one month before trial to reveal Pablo Costelo and his photographs as potential evidence in this case.

There are, however, two factors that tilt in Plaintiff's favor. First, Defendant cannot claim to

---

[2] Plaintiff argues that at the very least it should be allowed to use this evidence for the limited purpose of impeachment. At this time, the Court struggles to see how this evidence could be used for impeachment. The only apparent purpose of this evidence is to establish *contrary facts* (i.e., rebuttal), which is distinct from attacking the *veracity* of Defendant's witness (i.e., impeachment). See United States v. Harris, 557 F.3d 938, 942 (8th Cir. 2009) (explaining the difference between impeachment and rebuttal).

be surprised by the inclusion of Pablo Costelo in this case. Defendant was the party that placed this witness at issue when it hinged its statute of limitations defense on his company's alleged purchases of the Second Generation Harvest Tote. Therefore, Defendant also should have expected Pablo Costelo to be a part of this case. Second, this evidence is unambiguously important to Plaintiff's case. Pablo Costelo's anticipated testimony directly contradicts and attacks the very heart of Defendant's statute of limitations defense. Precluding this evidence would be severely prejudicial to Plaintiff.

The Court is mindful that justice is best served by a decision on the merits. Therefore, having considered and weighed the relevant factors, the Court will modify the pretrial order so that Plaintiff can offer Pablo Costelo and his photographs at trial. If Plaintiff introduces Pablo Costelo at trial, his testimony shall be limited to authenticating his photographs and testifying that he purchased only the photographed Harvest Totes in 2002 and 2003. The testimony will be limited and fast.

## II.     CONCLUSION AND ORDER

For the reasons set forth above, the Court:

1. DENIES Plaintiff's request to modify the final pretrial order so that Plaintiff may offer Phillip Parnagian (and his exhibits), Russ Tavlan, Richard Mittry, and/or Walter Jones at trial; and

2. GRANTS Plaintiff's request to modify the final pretrial order so that Plaintiff may offer Pablo Costelo (and his photographs) at trial within the limits outlined above.

IT IS SO ORDERED.

Dated:   **May 31, 2013**                    **/s/ Lawrence J. O'Neill**
                                              UNITED STATES DISTRICT JUDGE