UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., | Case No. 1:11-cv-1273 LJO BAM |
| Plaintiff, | ORDER |
| v. | IMMEDIATE RESPONSE, IF ANY, DUE BY TODAY AT 3:30 P.M. |
| REHRIG PACIFIC COMPANY, | |
| Defendant. | |

The Court has reviewed the parties' proposed jury instructions and has unearthed a case in full disarray. This appears to be the latest chapter in the parties' never-ending—and constantly evolving—dispute regarding the scope of Plaintiff Gerawan Farming, Inc.'s ("Plaintiff's") common law unfair competition claim.

This saga first began with Plaintiff's amended complaint. Tucked in a section of the complaint titled "Unfair Competition Under Cal. Bus. & Prof. Code § 17200," Plaintiff alleged a claim for unfair competition in violation of California common law. (Doc. 26 at 8.) Specifically, Plaintiff alleged:

> 36. By reason of the foregoing, Defendant has been, and is, engaged in 'unlawful, unfair or fraudulent business practices' in violation of §§ 17200 *et seq.* of the California Business & Professions Code and acts of unfair competition in violation of the common law.
>
> 37. Specifically, Defendant has engaged in an unfair business practice by taking Gerawan's proprietary design for the Harvest Tote and, under false pretenses and/or without informing or involving Gerawan, (1) applying for patent protection for such design without due attribution to Ray Gerawan; and (2) developing and selling the

1

Second Generation Harvest Tote based upon Gerawan's Harvest Tote design without authorization from Gerawan or payment of royalties to Gerawan.

(Id. ¶¶ 36-37.)

As the case proceeded, the claim apparently slipped by largely unnoticed. Defendant Rehrig Pacific Company ("Defendant") did not even address the claim in its motion for summary judgment. (Doc. 69.) And while Plaintiff did note in its opposition papers that it had alleged a claim for common law unfair competition, its discussion was far from enlightening. Plaintiff cited and relied on a single line from the dissent in a California Supreme Court case:

> Similarly, common law unfair competition extends beyond the mere passing off of one's goods as another's. Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 192 (1999). The cornerstone of a claim for common law unfair competition is 'fraud . . . practiced by one in securing the trade of a rival dealer.' Id. at 193 (quoting Weinstock, Lubin & Co. v. Marks, 109 Cal. 529, 541 (1895)). Clearly, that is what Rehrig has done in violation of the express terms of the Confidentiality Agreement.

(Doc. 76 at 24.)

Unsurprisingly, the parties were in sharp disagreement when they submitted their joint pretrial statement. Plaintiff presented its claims as follows:

> Plaintiff contends that the unfair competition claim takes two forms: (1) violation of California Business & Professions Code section 17200, et seq.; and (2) unfair competition under California common law.
>
> The claim is based on Gerawan's allegations: that Rehrig developed and sold the Second Generation Harvest Tote using design information from Plaintiff; that the Second Generation Harvest Tote is a modification and/or improvement on the Harvest Tote; that Rehrig was forbidden from using Gerawan's information to make a modified or improved Harvest Tote or an invention under the terms of a confidentiality agreement entered into by the parties; that Defendant did not seek Gerawan's authorization before using this information or pay Gerawan any royalties after using the information; that Rehrig did acknowledge assignment of ownership to Gerawan in the new product that was made using this information; that Rehrig improperly competed with Gerawan by offering the Second Generation Harvest Tote at discounted price to customers to encourage customers to switch from using the Harvest Tote for which Rehrig paid Gerawan a royalty to using the Second Generation for which Rehrig pocketed all the proceeds; that Rehrig cut off production of the Harvest Tote while entering the Second Generation into the market to unfairly compete against the Harvest Tote (on which Rehrig paid Gerawan a royalty); that Rehrig marked its products as "patent pending" but never applied for a patent on either the Harvest Tote or the Second Generation Harvest Tote; that Rehrig's marking its products as "patent pending" lured Gerawan into believing that Rehrig had applied for a patent on the Harvest Tote as had been agreed to by the parties; that Rehrig took advantage of Gerawan's mistaken belief to establish itself in the agricultural produce container field and undermine any attempts by Rehrig to enter the field with a different plastic molding

company; and that Rehrig took Gerawan's design and passed it off as its own without providing any compensation to Gerawan.

(Doc. 106 at 2.)  As legal support, Plaintiff repeated its one-line citation to Cel-Tech.  Needless to say, the basis for Plaintiff's claims remained factually and legally obscure.  For its part, Defendant raised a whole host of issues and defenses for the first time and asked the Court to resolve them at the earliest time *before* trial.  (Id. at 18.)

The Court attempted to do just that.  After the pretrial conference, the Court requested further briefing on many of the issues that Defendant raised in the parties' joint pretrial statement.  The Court stated that a review of Defendant's authorities appeared to show that (1) the common law tort of unfair competition is generally limited to "passing off" one's goods as those of another; (2) that the Court dismissed Plaintiff's passing off allegations in connection with its Lanham Act claim; (3) *that absent passing off, it is unclear what Plaintiff's unfair competition claim is or could be premised on*; (4) and that if the claim is premised on the misappropriation of trade secrets or confidential information, such claims are preempted by California's Uniform Trade Secrets Act.  (See Doc. 108 at 2-3.)  The Court explained that it had no intention of proceeding to trial on meritless claims.  (Id. at 1.)

Plaintiff responded that its common law claim for unfair competition should not be dismissed because "*it is based on traditional passing off and other unfair and fraudulent practices*, not reverse passing off, and is therefore qualitatively different than [sic] the dismissed [Lanham Act] claim." (Doc. 109 at 1) (emphasis added).  As for "other unfair and fraudulent practices," Plaintiff pointed out that its claim rests on Defendant's use of the Harvest Tote to make the Second Generation Harvest Tote and Plaintiff's right to the Second Generation Harvest Tote due to a contract between the parties. (Id. at 2-4.)  Although Plaintiff explained how this differed from a claim for misappropriation of a trade secret, Plaintiff did not tether these allegations to any specific theory of liability or substantive legal authority to indicate a distinct claim.

Next, Defendant reiterated in its brief that common law claims for unfair competition is limited to passing-off, and that Plaintiff "cannot and does not dispute this."  (Doc. 131 at 3.)  As support for its proposition, Defendant cited and relied upon Sybersound Records, Inc. v. UAV Corp., 517 F.3d 1137, 1153 (9th Cir. 2008); Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1147 (9th Cir. 1997);

3

and Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1263 (1994). All of this appeared to be good authority. Defendant then argued that Plaintiff could not prove consumer confusion, which Defendant suggested was a necessary part of any passing-off claim. (Doc. 131 at 2-3.)

Finally, Plaintiff stated briefly in its reply that its common law claim for unfair competition is not just limited to passing off, but is also based on the allegation that Defendant "competed unfairly by developing and selling the SG Harvest Tote without [Plaintiff's] authorization." (Doc. 154 at 1.) It then argued that it could make the necessary showing of (likelihood) of consumer confusion to support a passing off claim. (Id. at 1-4.)

On May 9, 2013, the Court ruled that Plaintiff could proceed to trial on its common law unfair competition claim based on a passing off theory. (Doc. 164 at 2-3.) To the extent that it was not clear from that order that this was the *only* theory of liability that the Court saw with respect to the common law claim, the Court's order on the parties motion in limine seemed to make that clear. (See Doc. 165 at 12) ("The claim to be tried by the jury is whether Defendant engaged in 'passing off' by selling the Second Generation Harvest Tote without Plaintiff's authorization."). The Court then entered a final pretrial order on May 16, 2013. (Doc. 167.)

Presently, discovery has closed, dispositive motions have been resolved, the pretrial order has been entered, and trial begins tomorrow with a jury panel summoned. And yet, the target for Plaintiff's common law claim seems to have shifted again. Plaintiff finally has flushed out in its jury instructions two common law theories for the misappropriation of property and seeks to bring them before the jury. See City Solutions v. Clear Channel Communs., Inc., 365 F.3d 835, 842 (9th Cir. 2004) (holding that common law misappropriation is one of a number of doctrines subsumed under the umbrella of unfair competition, with the elements being: (1) the plaintiff has invested substantial time, skill, or money in developing the property; (2) the defendant has appropriated the property at little or no cost; and (3) the plaintiff has been injured by the defendant's conduct). These are the claims that it appears Plaintiff had originally intended, not the passing off claim that is now moving forward. But this is not how pleading and discovery practice work. Plaintiff cannot slowly develop and unveil its claims along the way, ending its thought process and legal research on the literal eve of trial. It is too late. All of this should have been achieved, at the very latest, before the pretrial conference.

The Court will therefore allow Plaintiff's common law unfair competition claim to proceed to trial only on the passing off theory of liability, just as the Court stated in orders before now.  If Plaintiff believes that a trial would not be of any positive consequence under this ruling and would prefer instead to appeal immediately, it may file a stipulation entering judgment for appellate purposes by no later than **today, June 3, 2013, at 3:30 p.m.  This will provide this Court with enough time to call off the jury panel.**  If Plaintiff elects to proceed to trial, however, the Court expects the parties to reconsider and rework their disputed proposed jury instructions and re-file them before the start of trial tomorrow.  The Court notes that as the proposed jury instructions currently stand, the parties are miles apart.  With any real meet and confer efforts, coupled with the parties' finally deciding to notice and follow the Court's orders, the gap will be closed and the appellate issue preserved.

IT IS SO ORDERED.

Dated:   **June 3, 2013**                              **/s/ Lawrence J. O'Neill**
                                                                           UNITED STATES DISTRICT JUDGE

5