UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., <br><br>    Plaintiff, <br><br>    v. <br><br>REHRIG PACIFIC COMPANY, <br><br>    Defendant. <br>_____/ | Case No. 1:11-cv-1273 LJO BAM <br><br>ORDER ON PLAINTIFF'S MOTION TO APPROVE SUPERSEDEAS BOND AND STAY EXECUTION OF BILL OF COSTS <br><br>(Doc. 229) |

On August 1, 2013, the Clerk of the Court issued a Bill of Costs in favor of Defendant Rehrig Pacific Company ("Rehrig") in the amount of $11,052.12. (Doc. 226.) Now pending before the Court is Plaintiff Gerawan Farming, Inc.'s ("Gerawan's") motion to approve a supersedeas bond and to stay execution of the Bill of Costs. Rehrig has filed an opposition to the motion, and Gerawan has filed a reply. Upon consideration of the parties' submissions, and for the reasons discussed below, the Court DENIES Gerawan's motion without prejudice to Gerawan submitting a new supersedeas bond that is in compliance with this order.

I.     **DISCUSSION**

    A.     **Supersedeas Bond**

Federal Rule of Civil Procedure 62(d) allows an appellant to stay the execution of a judgment pending an appeal by posting a supersedeas bond. "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution . . . ." Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). The bond "protects the prevailing [party] from the risk of a later

1

uncollectible judgment and compensates [it] for delay in the entry of the final judgment." NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988). Once the court approves the bond, the stay takes effect. Fed. R. Civ. P. 62(d).

Rehrig asserts four objections to Gerawan's proposed supersedeas bond: (1) the amount of the bond is insufficient; (2) the bond does not establish that the corporate surety is in compliance with 31 U.S.C. §§ 9304-06; (3) the bond indicates that it is subject to the Federal Rules of Civil Procedure but does not state that it is subject to "all applicable federal law;" and (4) the bond improperly attempts to require at least ten days' notice of default or contumacy before the Court may enter judgment against the surety. Rehrig's objections are well-taken.

### 1. Amount of the Bond

Local Rule 151(d) provides that a supersedeas bond "shall be 125 percent of the amount of the judgment unless the Court otherwise orders." The general purpose of the 25 percent enhancement is to cover the cost of post-judgment interest and any other damages that may be attributed to delay. See C.B. v. Sonora Sch. Dist., 819 F. Supp. 2d 1032, 1057 (E.D. Cal. 2011).

The Bill of Costs awarded $11,052.12 to Rehrig. Of this, Gerawan has already paid $1,168.45 (the cost of the second Gorman deposition). This leaves an outstanding balance of $9,883.67. Thus, pursuant to Local Rule 151(d), the proper amount of the bond is $12,354.59.[1] The bond Gerawan has proposed, however, is only in the amount of $11,052.12. (Doc. 229-3.) This falls short, and the Court sees no reason to require less than the 125 percent amount established by Local Rule 151(d). See, e.g., C.B., 819 F. Supp. 2d at 1057.

### 2. Compliance with 31 U.S.C. §§ 9304-06

Local Rule 151(f) provides that "[n]o security, bond, or undertaking with corporate surety shall be accepted unless the corporate surety is in compliance with the provisions of 31 U.S.C. §§ 9304-06 . . . ." Gerawan has not established that its surety is in full compliance with 31 U.S.C. §§ 9304-06. See, e.g., Flagship West, LLC v. Excel Realty Partners, L.P., Case No. CV F 02-5200 LJO DLB, 2011 U.S. Dist. LEXIS 125136, at *4 (E.D. Cal. Oct. 28, 2011).

---

[1] ($9,883.67) x (1.25) = $12,354.587

### 3. Subject to "All Applicable Federal Law"

Local Rule 151(e) provides that "[e]very security, bond, undertaking, or deposit instrument shall state the conditions of the obligation *and shall contain a provision expressly subjecting it to all applicable federal law*." (emphasis added). Gerawan concedes that its proposed bond only indicates that it is subject to the Federal Rules of Civil Procedure, but insists that this is sufficient. The Court disagrees. The bond must strictly comply with Local Rule 151(e) and must contain a provision that expressly subjects the bond to "all applicable federal law."

### 4. Notice of Default as a Prerequisite to Entering Judgment

Gerawan's proposed bond includes the following language:

> IT IS FURTHER AGREED by the Surety, that in case of default or contumacy on the part of the Surety, the Court may, upon notice to it of not less than ten days, proceed summarily and render judgment against it in accordance with their obligation and award execution thereon.

(Doc. 229-3.) Rehrig contends that this provision, particularly the ten days' notice requirement, runs counter to Local Rule 151(k), which states, in part: "[A]ll sureties . . . consent that their liability shall be joint and several, that judgment may be entered against them in accordance with this obligation *simultaneously with judgment against their principals*, and that execution may therefore issue against their property." (emphasis added). Gerawan counters that this provision simply provides meaning to Local Rule 151(k), which also states: "Notwithstanding appointment of the Clerk as agent for service of process, any person seeking judgment against any surety or depositor *shall make a good faith effort to give actual notice to the surety* . . . of all actions or motions by which judgment is sought against the surety or depositor." (emphasis added).

In the face of disagreement by the parties, the prudent course is for the proposed bond to track the language of Local Rule 151(k) as closely as possible. The bond should therefore not contain any language impeding the Court's ability to enter judgment against Gerawan or its surety, such as a notice *pre*-requisite. To the extent that Gerawan seeks to add meaning to the notice requirement embodied in Local Rule 151(k), Gerawan or its surety may include language such as:

> Notwithstanding appointment of the Clerk as agent for service of process, any person seeking judgment against any surety or depositor shall make a good faith effort to give actual notice to

3


the surety or depositor within three days of any action or motion by which judgment is sought against the surety or depositor.

**B.     Additional Matters**

In its motion to approve its supersedeas bond, Gerawan notes that it "intends to move forward with trial in this matter once the issue concerning the scope of its unfair competition claims, among other things, is resolved on appeal." (Doc. 229 at 1.) This requires clarification. To the extent that Gerawan believes that it may simply resume trial in this case on its "passing off" claim and/or its UCL claim after it has finished its appeal, the Court does not share this view. The parties stipulated to dismissing these claims *with prejudice* and therefore those claims can no longer be a part of this case. (See Doc. 221.) The Court's statement that Gerawan "may file a stipulation entering judgment for appellate purposes" does not provide otherwise (Doc. 204 at 5), as no appeal can be had in this case in the first place in the absence of a final judgment. The Court acknowledges that this confusion, if indeed there is any, may be because the Court has not formally entered judgment. The Court will correct this. To the extent that Gerawan disagrees with any part of this decision, it is free to raise this in its appeal as well.[2]

**II.     CONCLUSION**

Accordingly, for the reasons discussed above, the Court

1.     DENIES Gerawan's motion to approve its supersedeas bond, but without prejudice to Gerawan submitting a new supersedeas bond that is in full compliance with this order, specifically:

    a.     the bond is in the amount of $12,354.59;

    b.     Gerawan establishes in some express manner that its surety is in full compliance with 31 U.S.C. §§ 9304-06;

    c.     the bond contains a provision expressly subjecting it to all applicable federal law; and

---

[2] This will also allow Rehrig to appeal, if necessary and if it so chooses, this Court's prior ruling that Gerawan asserted a cognizable claim for "passing off" under California common law and a cognizable claim for unfair competition under the UCL. (Doc. 164.)

        d.    the bond does not contain any language impeding the Court's ability to enter judgment against Gerawan or its surety.

2. ORDERS Rehrig to refrain from executing the Bill of Costs prior to January 17, 2013, which will afford Gerawan an opportunity to submit a new supersedeas bond that is in full compliance with this order; and

3. SHALL enter final judgment against Gerawan.

IT IS SO ORDERED.

Dated: **January 10, 2014**     /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE