UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERAWAN FARMING, INC.,

        Plaintiff,

    v.

REHRIG PACIFIC COMPANY,

        Defendant.

_____/

Case No. 1:11-cv-1273 LJO BAM

SECOND ORDER ON DEFENDANTS'
MOTION FOR ATTORNEYS' FEES AND
COSTS

(Doc. 220)

By order filed December 10, 2013, the Court granted Rehrig attorney's fees under 35 U.S.C. §
285 for combating Gerawan's misleading representations regarding Ray Gerawan's assignment of his
patent rights. However, because the record was not entirely clear as to how many hours Rehrig spent
on this specific issue, the Court deferred ruling on the amount of the fee award and allowed additional
briefing on the matter. Now, having received and carefully considered the parties' additional briefing,
the Court awards Rehrig $10,169.25 in attorney's fees.

## I. DISCUSSION

### A. Fees Under 35 U.S.C. § 285

Rehrig requests $26,625 in fees for combating Gerawan's litigation misconduct. According to
Rehrig's estimates and calculations, Jonathan Hersey ("Mr. Hersey") spent 24 hours, Scott Lieberman
("Mr. Lieberman") spent 35 hours, and Neil J. Cooper ("Mr. Cooper") spent 20 hours on various tasks

1

relating to Ray Gerawan's assignment of his patent rights and the standing issues that the assignment posed. Rehrig generally categorizes these tasks as follows: (1) researching and drafting the "Lack of Standing" affirmative defense in Rehrig's answer; (2) discussing lack of standing in an early Rule 26 meeting and in the parties' Joint Rule 26 Report; (3) preparing requests for production of documents relating to the assignment and to lack of standing; (4) drafting Interrogatory Number 21; (5) preparing a Rule 30(b)(6) deposition notice on the assignment and standing issue; (6) meeting and conferring with Gerawan's counsel on multiple occasions because of Gerawan's objections to Rehrig's discovery requests; (7) reviewing documents produced by Gerawan to ascertain whether an assignment of patent rights had been produced; (8) drafting and filing a motion to compel regarding assignments of patent rights to Gerawan; (9) preparing for, traveling to, and taking the depositions of David Dever and Ray Gerawan; (10) reviewing and investigating the "Confirmation of Assignment" produced by Gerawan; (11) researching case law related to standing in the absence of a written assignment; and (12) drafting a motion for summary judgment, including a reply brief.

In the Court's view, Gerawan's misleading representations regarding the assignment of Ray Gerawan's patent rights began with Gerawan's evasive discovery responses. Therefore, the Court will allow Rehrig to recover fees for discovery-type tasks relating to Ray Gerawan's supposed assignment starting from that point. This includes: (1) reviewing Gerawan's discovery and discovery responses; (2) meeting and conferring over disputes regarding Gerawan's document production; (3) preparing and drafting Rehrig's motion to compel the production of documents; and (3) preparing for the deposition of David Dever, who Gerawan designated as the person most knowledgeable of the assignment issue. In addition, the Court will also allow Rehrig to recover fees for its summary judgment brief, as well as its reply brief.

The more difficult issue is determining how many hours, specifically, Rehrig spent addressing and combatting Gerawan's misconduct in these tasks. For the most part, Rehrig's billing records do not reach that level of detail. The Court approaches this problem as follows.

First, to the extent that any billing entry explicitly relates to the "Confirmation of Assignment," the document at the heart of Gerawan's misconduct, the Court will credit Rehrig that time in full. For example, on February 4, 2013, Mr. Cooper recorded 2.5 hours for his work researching the impact of

the Confirmation of Assignment.  (Doc. 230-1 at 12.)  The Court will credit Rehrig the full 2.5 hours for that entry.

Second, the Court will credit Rehrig ten percent of any billing entry that indicates work related to reviewing Gerawan's discovery production, meeting and conferring due to disputes over discovery, preparing and drafting Rehrig's motion to compel the production of documents, and preparing for the deposition of David Dever.  The reduced time reflects the fact that the assignment of Ray Gerawan's patent rights was just one of nine discovery disputes (i.e., approximately ten percent) raised by Rehrig in its motion to compel.  (Doc. 45.)  Also, if the billing entry includes work on unrelated matters it will be further reduced by half in order to ensure that Rehrig is not compensated for unrelated matters.  For example, on December 17, 2013 Mr. Hersey recorded 3.7 hours for preparing a rebuttal expert report and for reviewing documents and conferring regarding Rehrig's motion to compel.  (Doc. 230-1 at 6.) Because the rebuttal expert report is unrelated to Gerawan's misconduct, and only the time spent on the discovery documents and the motion to compel is compensable, the entry will be reduced by half. Ten percent of that amount (0.19 hours) will then be credited to Rehrig for that entry.

Third, the Court will credit Rehrig ten percent of any billing entry that indicates work related to Rehrig's summary judgment *brief*.[1]  The reduced time reflects the fact that Rehrig spent only about ten percent of its summary judgment brief discussing Gerawan's misconduct and the standing problem it presents.  Also, similar to Rehrig's billing entries regarding discovery, any entry that includes work on unrelated matters will be further reduced by half.  Thus, by way of example, although Mr. Hersey recorded 4.5 hours on February 12, 2013 for working on Rehrig's draft motion for summary judgment (Doc. 230-1 at 13), Rehrig will be credited only 0.23 of an hour because the entry also includes work on other unrelated matters.

Fourth, the Court will credit Rehrig 0.05 of an hour for any billing entry related to Rehrig's summary judgment reply brief.  This significantly reduced time reflects the minor role that Gerawan's misconduct played in the brief; Rehrig spent just one short paragraph in its reply on the matter.  Thus,
///

---

[1] This does *not* include work on Rehrig's statement of undisputed facts since the assignment dispute played such a minor role in that document.  (See Doc. 69-3 ¶ 23.)

1  by way of example, although Mr. Lieberman recorded 5.2 hours on March 4, 2013 for working on the

2  reply (Doc. 230-1 at 14), Rehrig will be credited only 0.05 of an hour for that entry.

3        Applying the above formula, the Court credits Rehrig time as follows:[2]

| Date | Attorney | Compensable Task | Time Awarded |
|---|---|---|---|
| 12/17/12 | Lieberman | Reviewed Gerawan's discovery responses | 0.30 hr. |
| 12/17/12 | Hersey | Reviewed documents and conferred re: motion to compel | 0.19 hr. |
| 12/18/12 | Cooper | Reviewed responses to requests for production | 0.31 hr. |
| 12/19/12 | Lieberman | Worked on meet and confer letter re: Gerawan's deficient discovery responses | 0.26 hr. |
| 12/19/12 | Hersey | Drafted letter to court re: motion to compel | 0.22 hr. |
| 12/21/12 | Lieberman | Reviewed various letters re: discovery issues | 0.30 hr. |
| 12/31/12 | Lieberman | Conferred re: motion to compel | 0.05 hr. |
| 12/31/12 | Hersey | Conferred re: depositions and motion to compel | 0.05 hr. |
| 01/07/13 | Cooper | Began researching and drafting motion for summary judgment | 0.25 hr. |
| 01/08/13 | Cooper | Continued researching and drafting motion for summary judgment | 0.33 hr. |
| 01/08/13 | Lieberman | Reviewed and analyzed new documents produced | 0.27 hr. |
| 01/08/13 | Hersey | Reviewed and analyzed new documents produced | 0.21 hr. |
| 01/09/13 | Cooper | Continued drafting motion for summary judgment | 0.36 hr. |
| 01/10/13 | Cooper | Finished initial motion for summary judgment draft | 0.20 hr. |
| 01/10/13 | Lieberman | Continued reviewing and analyzing new documents recently produced | 0.16 hr. |
| 01/10/13 | Hersey | Continued reviewing and analyzing documents recently produced | 0.12 hr. |
| 01/11/13 | Cooper | Began drafting joint statement re: discovery dispute | 0.23 hr. |
| 01/11/13 | Lieberman | Revised motion to compel | 0.15 hr. |
| 01/14/13 | Cooper | Finished draft of joint statement re: discovery dispute | 0.17 hr. |
| 01/14/13 | Hersey | Revised meet and confer letter re: Gerawan's discovery responses and motion to compel | 0.30 hr. |

[2] The Court construes any ambiguity in a billing entry against Rehrig since Rehig is the party seeking fees.  Also, the Court will not award any time unless it amounts to more than 0.05 of an hour.

| 01/16/13 | Lieberman | Conferred re: discovery motion[3] | 0.05 hr. |
|---|---|---|---|
| 01/16/13 | Hersey | Prepared joint statement in support of motion to compel further documents | 0.12 hr. |
| 01/21/13 | Lieberman | Worked on joint statement in connection with motion to compel further discovery responses from Gerawan | 0.21 hr. |
| 01/21/13 | Hersey | Drafted and revised proposed joint statement in support of motion to compel further discovery | 0.20 hr. |
| 01/22/13 | Lieberman | Prepared for Dever deposition | 0.27 hr. |
| 01/25/13 | Lieberman | Finalized joint statement in support of motion to compel further discovery responses from Gerawan | 0.29 hr. |
| 01/25/13 | Hersey | Finalized joint statement in support of motion to compel further discovery responses from Gerawan | 0.18 hr. |
| 01/28/13 | Hersey | Prepared for Dever deposition | 0.34 hr. |
| 01/30/13 | Lieberman | Strategized for motion for summary judgment | 0.15 hr. |
| 02/04/13 | Cooper | Researched impact of Gerawan's confirmation of assignment | 2.50 hrs. |
| 02/06/13 | Cooper | Reviewed deposition of Dever | 0.21 hr. |
| 02/08/13 | Cooper | Worked on motion for summary judgment | 0.26 hr. |
| 02/09/13 | Cooper | Worked on motion for summary judgment | 0.27 hr. |
| 02/11/13 | Cooper | Finished initial motion for summary judgment | 0.21 hr. |
| 02/11/13 | Lieberman | Strategized re: motion for summary judgment | 0.17 hr. |
| 02/11/13 | Hersey | Researched and drafted motion for summary judgment | 0.29 hr. |
| 02/12/13 | Cooper | Worked on motion for summary judgment | 0.55 hr. |
| 02/12/13 | Lieberman | Handled issues re: Gerawan's attempted assignment of rights and worked on motion for summary judgment | 3.30 hrs. |
| 02/12/13 | Hersey | Drafted motion for summary judgment | 0.23 hr. |
| 02/13/13 | Lieberman | Continued working on motion for summary judgment | 0.67 hr. |
| 02/13/13 | Hersey | Drafted motion for summary judgment | 0.48 hr. |
| 02/14/13 | Cooper | Revised and edited motion for summary judgment | 0.48 hr. |
| 02/14/13 | Lieberman | Worked and revised all summary judgment documents | 0.70 hr. |
| 02/14/13 | Hersey | Drafted and finalized motion for summary judgment | 0.70 hr. |
| 02/28/13 | Lieberman | Strategized re: reply brief | 0.05 hr. |

---

[3] It is clear that the overwhelming majority of the time spent in this billing entry was devoted to taking a deposition. Therefore, Rehrig will only be credited a *de minimus* amount of time for this task.

| 02/28/13 | Hersey | Conferred re: reply brief | 0.05 hr. |
|---|---|---|---|
| 03/01/13 | Lieberman | Conferred with Slater re: issues to address on reply | 0.05 hr. |
| 03/01/13 | Cooper | Began research and draft of reply | 0.05 hr. |
| 03/03/13 | Hersey | Conferred re: reply brief | 0.05 hr. |
| 03/04/13 | Cooper | Continued research and began drafting reply | 0.05 hr. |
| 03/04/13 | Lieberman | Worked on reply brief | 0.05 hr. |
| 03/04/13 | Hersey | Researched and drafted reply | 0.05 hr. |
| 03/05/13 | Cooper | Finished draft of reply | 0.05 hr. |
| 03/05/13 | Lieberman | Continued working on reply brief | 0.05 hr. |
| 03/05/13 | Hersey | Researched and drafted reply | 0.05 hr. |
| 03/06/13 | Lieberman | Worked on reply brief | 0.05 hr. |
| 03/06/13 | Hersey | Drafted reply brief | 0.05 hr. |
| 03/07/13 | Lieberman | Worked on reply brief | 0.05 hr. |
| 03/07/13 | Hersey | Finalized reply brief | 0.05 hr. |

The result is a fee award of $5,781.75.[4]  When broken down by general type of task, 10.66 hours were spent on tasks related to discovery matters; 6.60 hours were spent on tasks related to Rehrig's motion for summary judgment; and 0.75 of an hour was spent on Rehrig's reply.  The Court finds these hours and the resulting fee award reasonable.

**B.      Fees on Fees**

Rehrig also seeks to recover $6,825 in fees for preparing and drafting its request for attorney's fees, which includes (1) the portion of its initial motion for attorney's fees that specifically dealt with Gerawan's litigation misconduct; and (2) the additional briefing requested by the Court.  Although the Court agrees with Rehrig that it is, as a general matter, entitled to recover some fees for these efforts, see Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 981 (9th Cir. 2008) ("In statutory fee cases,

---

[4] The Court finds Mr. Lieberman's requested hourly rate of $375 per hour reasonable in light of his skill, experience, and reputation.  Applying this rate here, as well as the other rates found reasonable by the Court in its prior order (Doc. 227 at 15-16), results in the following calculation: 6.48($225) + 7.60($375) + 3.93($375) = $5,781.75.

1   federal courts, including our own, have uniformly held that time spent in establishing the entitlement

2   to and amount of the fee is compensable."), the Court agrees with Gerawan that Rehrig's estimate and

3   request are excessive.

4          First, Rehrig maintains that the portion of its initial motion for attorney's fees that specifically

5   dealt with Gerawan's misconduct consumed approximately four hours of Mr. Lieberman's time, two

6   hours of Mr. Hersey's time, and one hour of Mr. Cooper's time.  Had Rehrig moved for attorney's fees

7   based on Gerawan's misconduct alone, its brief would have been *roughly* five pages.  (See Doc. 220-1

8   at 2:11-19, 6:20-7:9; 9:18-11:2; 19:25-21:23; Doc. 222 at 3:16-4:8.)  The Court is fully aware that in

9   legal writing time spent usually does not neatly correlate with the amount of written work produced,

10  but Rehrig's estimate seems high.  Therefore, in order to reflect in a reasonable manner the amount of

11  written work produced, the Court will deduct one and a half hours from Mr. Lieberman and one hour

12  from Mr. Hersey.  This results in a fee award of $1,537.50 for this matter.[5]

13         Second, Rehrig maintains that its additional briefing consumed approximately one hour of Mr.

14  Hersey's and Mr. Cooper's time, each, and ten hours of Mr. Lieberman's time.  The Court finds that

15  one hour is a reasonable amount of time for Mr. Hersey and Mr. Cooper to spend reviewing Rehrig's

16  billing statements and drafting a declaration estimating the amount of time they spent on Gerawan's

17  misconduct.  As for  Mr. Lieberman, a deduction of one hour is warranted since a portion of Rehrig's

18  additional briefing, which Mr. Lieberman drafted, pertains to whether Gerawan has paid the expenses

19  for Larry Gorman's second deposition.  Although the Court requested Rehrig to provide an update on

20  those expenses, that matter ultimately is unrelated to Rehrig's request for attorney's fees and therefore

21  time spent on that matter is not recoverable.  Of Mr. Lieberman's remaining nine hours, the Court will

22  award Mr. Lieberman six hours: three hours for reviewing Rehrig's billing statements and creating his

23  spreadsheets, and three hours for drafting a declaration and the brief itself.  This results in a fee award

24  of $2,850 for this matter.[6]

25  ///

26

27  [5] 2.50($375) + 1.00($375) + 1.00($225) = $1,537.50

28  [6] 6.00($375) + 1.00($375) + 1.00($225) = $2,850

## II.  CONCLUSION

For the reasons set forth above, the Court awards Rehrig: (1) $5,781.75 in attorney's fees for combatting Gerawan's misconduct; (2) $1,537.50 in attorney's fees for drafting its initial motion for attorney's fees; and (3) $2,850 in attorney's fees for drafting its additional brief.  This results in a total award of $10,169.25 in attorney's fees.

IT IS SO ORDERED.

Dated:   **January 17, 2014**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE